JESSE C. AKELY et al., Respondents, *v.* G. HERMANN KINNICUTT et al., Appellants.

Appeal — questions certified — when Court of Appeals will interpret questions certified as impliedly involving all neces-sary to interpretation of statute in question — practice — misjoinder — joinder of one hundred and ninety-three separate actions against common defendants — when cannot be said as matter of law that there are not present in each cause common issues within meaning of statute permitting joinder of parties plaintiff in one action — constitutional law — statute (Civ. Pr. Act, § 209) not unconstitutional as violation of rights of defendant to trial by jury.

1. Although questions certified to the Court of Appeals literally interpreted may not be fully determinative of the correctness of the decision appealed from, where the parties have argued at length the validity of the order, this court will interpret the questions certified liberally in order to dispose of all of the questions necessary to the interpretation of the statute in question.

2. Where the common issues, in one hundred and ninety-three separate and independent actions against common defendants for

damages caused by the alleged fraud of the latter, are basic and would seem to be the ones around which must revolve the greatest struggle and to which must be directed the greatest amount of evidence, being the ones, in substance, whether the defendants conspired to organize a corporation and float its stock at much more than its real value, and whether in pursuance of this conspiracy they fraudulently issued a prospectus showing the stock to be much more valuable than it really was, and whether they did this with the deliberate intent to cheat and defraud the public into buying the stock at an unconscionable value, it cannot be said as matter of law that there are not present in each cause of action common issues which amply satisfy the test of section 209 of the Civil Practice Act permitting the joinder of parties plaintiff in one action. While the separate issues which must be tried in every case may equal in number the common ones, where it appears from the face of the complaint that the majority of them cannot involve much evidence or dispute, but that the trial of them will yield in contentious importance and difficulty to the common questions which have been suggested, a case arises which may be said to come within the meaning of the statute so far as relates to common questions.

3. A contention, that there is lacking that feature, essential to the collection in one complaint of all of these causes of action, that they should be " in respect of or arising out of the same transaction or series of transactions," cannot be sustained. Each cause of action is based upon a purchase of stock at a fictitious value in reliance upon representations, as alleged, of defendants in respect of the value of that stock which were untrue and fraudulent and made for the purpose of inducing the public including plaintiff to make such purchases. The transaction in respect of or out of which the cause of action arises is the purchase by plaintiff of his stock under such circumstances and such purchases conducted by one plaintiff after another respectively plainly constitute a series of transactions within the meaning of the statute. .

4. A complaint that because defendants are compelled to try all of these causes of action before one jury they are prevented from enjoying a constitutional right to the selection of a new jury for each cause of action and are apt to be prejudiced by the fact that the jury will carry forward to the determination of one cause of action the convictions which it has formed in the case of a prior one, is unfounded. It cannot be assumed that the jury will not consider and properly decide by themselves the separate issues which arise in connection with each cause of action. So long as the substance of the right of trial by jury is preserved the details of the method by which it shall be exercised and enjoyed are largely subject to the discretion of the Legislature.

5. A further complaint that it will be impossible for a jury to remember the details of so many causes of action and that they will as matter of form decide each cause of action as they have decided every other, and that, therefore, the defendants will be deprived of a fair and impartial trial of each cause of action, is also unfounded. The question whether the causes of action are so numerous that they cannot be intelligently submitted and considered by a jury necessarily is largely a matter of judgment and the possibility of an unfair trial and the deprivation of the rights to which a defendant is entitled under the Constitution is safeguarded against by the provision in the statute permitting the court to order separate trials or make such other order as may be expedient and necessary to prevent embarrassment and delay in the trial of an action. Where, as in this case, it has been held by the trial court and affirmed by the Appellate Division in the exercise of its judgment that such separate trials are not necessary, the Court of Appeals cannot say as matter of law that such decision is erroneous. ·

*Akely* v. *Kinnicutt*, 208 App. Div. 487, affirmed.

(Argued June 7, 1924; decided July 5, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 21, 1924, which affirmed an order of Special Term denying a motion for severance of the causes of action alleged in the complaint on the ground of misjoinder of parties plaintiff.

The questions certified are stated in the opinion.

*Joseph P. Cotton, George H. Savage, Wilton Lloyd-Smith* and *Frank H. Hall* for appellants. The first question certified must be answered in the negative because each of the 193 causes of action does not contain such a " common question " as to permit the joinder of all the causes in one action under section 209 of the Civil Practice Act. (*Stroud* v. *Lawson*, 1898 [2 Q. B.], 44; *Olsen* v. *Bankers Trust Co.*, 205 App. Div. 669; *Payne* v. *British Time Recorder Co.*, [1921] 2 K. B. 1; *Thomas* v. *Moore*, [1918] 1 K. B. 555; *Standard Oil Co.* v. *United States*, 221 U. S. 1; *N. Y. & N. H. R. R. Co.* v. *Schuyler*,

17 N. Y. 592; *Wiles* v. *Suydam*, 64 N. Y. 173; *H. C. Water Co.* v. *McCarter*, 209 U. S. 349.) The first question must be answered in the negative because, even if there be a " common question," each of the 193 causes of action does not arise out of the " same transaction or series of transactions," so as to permit the joinder of all the causes of action under section 209 of the Civil Practice Act. (*Stroud* v. *Lawson*, [1898] 2 Q. B. 44; *Olsen* v. *Bankers Trust Company*, 205 App. Div. 669; *F. & C. S. S. Co.* v. *B. W. C. M. Co.*, 229 N. Y. 89; *Craft Refg. Machine Co.* v. *Quinnipiac*, 63 Conn. 551; *Schenck* v. *Sterling Eng. & Const. Co.*, 138 N. W. Rep. 637; *Emerson* v. *Nash*, 70 L. R. A. 326; *Scarborough* v. *Smith*, 18 Kans. 399; *Smurthwaite* v. *Hannay*, [1894] A. C. 494.) The second question certified must be answered in the affirmative because section 209 of the Civil Practice Act violates section 2 of article 1 of the State Constitution. (*People* v. *Cosmo*, 205 N. Y. 91; *Moot* v. *Moot*, 214 N. Y. 204; *People* v. *Dunn*, 157 N. Y. 528; *Stokes* v. *People*, 53 N. Y. 164.)

*H. Preston Coursen* for respondents. Each of the causes of action contains many questions of law and fact common to all. (*Benedict* v. *Guardian Trust Co.*, 58 App. Div. 302; *Schechtman* v. *Salaway*, 204 App. Div. 549; *137 East 66th Street, Inc.*, v. *Lawrence*, 118 Misc. Rep. 486; *S. L. & Co., Inc.*, v. *Bock*, 118 Misc. Rep. 756; *Drincqbier* v. *Wood*, [1899] 1 Ch. Div. 393; *Universities of Oxford & Cambridge* v. *Gill & Sons*, [1899] 1 Ch. Div. 55; *Thomas* v. *Moore*, [1918] 1 K. B. 555; *Payne* v. *British Time Co.*, [1921] 2 K. B. 1; *Markt & Co., Ltd.*, v. *Knight Steamship, Ltd.*, [1910] 2 K. B. 1021; *Stroud* v. *Lawson*, [1898] 2 Q. B. 54.) Section 209 of the Civil Practice Act is constitutional. (*Smith* v. *W. P. Ry. Co.*, 203 N. Y. 499; *Middleton* v. *Whitridge*, 213 N. Y. 499; *General Inv. Co.* v. *I. R. T. Co.*, 235 N. Y. 133; *Ex parte Peterson*, 253 U. S. 300; *Hayes* v. *Missouri*,

120 U. S. 68; *Walter* v. *People,* 32 N. Y. 147; *Stokes* v. *People,* 53 N. Y. 164; *People* v. *Cosmo,* 205 N. Y. 91.)

HISCOCK, Ch. J. This case involves the interpretation of a new and rather revolutionary provision of the Civil Practice Act.

The action is brought by 193 plaintiffs, each one claiming to have an individual, separate and independent cause of action against the defendants for damages caused by the fraud of the latter. The substance of each cause of action is that the defendants, with others, conspired to organize a corporation and then to float its stock at much more than its actual value; that in pursuance of this conspiracy they caused to be prepared a prospectus which was widely circulated throughout the country and which was intended to induce those who read it or learned of its contents to buy the stock at a price much higher than its actual value, and that this prospectus thus issued was intentionally false and fraudulent and misrepresented the value of the stock; that the plaintiff (in each cause of action) either seeing and relying upon the truthfulness of the prospectus or relying upon the advice of some one who had seen and believed it was induced to buy at a given date a certain number of shares of the stock in question at a price far in excess of its actual value and each alleged cause of action seeks to recover from defendants the damages thus suffered.

These many causes of action being separate and distinct can be joined in one complaint if at all only by virtue of section 209 of the Civil Practice Act, which provides:

" § 209. Joinder of plaintiffs generally. All persons may be joined in one action as plaintiffs, in whom any right to relief in respect of or arising out of the same transaction or series of transactions is alleged to exist whether jointly, severally or in the alternative, where if such persons brought separate actions any common question of law or fact would arise; provided that if upon the application

of any party it shall appear that such joinder may embarrass or delay the trial of the action, the court may order separate trials or make such other order as may be expedient, and judgment may be given for such one or more of the plaintiffs as may be found to be entitled to relief, for the relief to which he or they may be entitled."

The courts below have held that it is permissible under said section for plaintiffs to unite these many causes of action in one complaint but the Appellate Division allowing an appeal for the purpose of reviewing such decision has certified to us the following questions:

" 1. Does each of the 193 causes of action alleged in the complaint herein contain such a common question of law or fact as to permit the joinder of all of said causes in one action pursuant to section 209 of the Civil Practice Act?

" 2. Does section 209 of the Civil Practice Act violate section 2 of article first of the State Constitution, in so far as said section purports to permit, under the circumstances shown in this action, all persons to join in one action, as plaintiffs, in whom any right to relief in respect of or arising out of the same transaction or series of transactions is alleged to exist, whether jointly, severally or in the alternative, where if such persons brought separate actions any common question of law or fact would arise? "

There may be considerable doubt whether the questions thus certified are determinative of the correctness of the decision appealed from and, if not, the appeal should not be considered. It is not only necessary to the joinder in one complaint of causes of action under the statute in question that they should involve a common question of law or fact but it is also necessary that they should arise out of the same transaction or series of transactions. The question whether the latter feature is present is not specifically submitted, but inasmuch as

the parties have argued at length the validity of the order, which has been made denying separate trials we shall interpret the questions which have been certified to us liberally and regard them as impliedly involving all of the questions necessary to an interpretation of the statute in question.

The statute before us is substantially a copy of a provision in the English Practice Act and of course its purpose is to lessen the delay and expense of litigation by permitting the claims of different plaintiffs to be decided in one action instead of many when, although legally separate and distinct, they nevertheless so involve common questions and spring out of identical or related transactions that their common trial may be had with fairness to the different parties. The statute is a remedial one in promotion of the purpose in these times so insistent and widespread that the delays and expenses of litigation shall be lessened where possible and as such it is to be liberally construed.

We shall consider first the question certified and earnestly argued by counsel whether the causes of action which have been joined in this complaint do involve such a common question of law or fact as justifies the court in permitting them to be united in one complaint. It is necessarily admitted by the defendants that they do involve some common questions of law and fact but it is insisted that these common questions when compared with all of the questions which must be determined in each case are not of such comparative weight or importance as to justify the union which is being attempted. We are not able to agree with this view. We do not need to hold that the presence in each cause of action of some common but inconsequential or theoretical issue would be a sufficient reason for assembling in one complaint nearly two hundred causes of action. We shall assume in this case that such common questions must be of substantial importance as compared with all

of the issues and that the question of the comparative weight and importance of common and separate issues involved in each cause of action is quite largely a matter of judgment. But even on that theory we do not think that it can be said by us as matter of law in this case that there are not present in each cause of action common issues which amply satisfy the test of the statute. The common issues are basic and would seem to be the ones around which must revolve the greatest struggle and to which must be directed the greatest amount of evidence. These are in the ones in substance whether the defendants conspired to organize a corporation and float its stock at much more than its real value and whether in pursuance of this conspiracy they fraudulently issued a prospectus showing the stock to be much more valuable than it really was, and whether they did this with the deliberate intent to cheat and defraud the public into buying the stock at an unconscionable value. These questions are common to every cause of action. The separate issues which must be tried in each instance will be in the main whether the plaintiff saw the prospectus or learned of its representations, was influenced thereby and at a certain date bought a certain amount of stock at a certain price in advance of its real value in reliance thereon. While these latter may equal in number the common ones it seems from the face of the complaint, by which we must decide the question, that the majority of them cannot involve much evidence or lengthy dispute, but that the trial of them will yield in contentious importance and difficulty to the questions which have been first suggested and that, therefore, this is a case which comes well within the meaning of the statute so far as relates to common questions.

Then it is urged by appellants that there is lacking that feature, essential to the collection in one complaint of all of these causes of action, that they should be " in respect of or arising out of the same transaction or series of transactions." We do not find any basis for this claim.

Each cause of action is based upon a purchase of stock at a fictitious value in reliance upon representations, as alleged, of defendants in respect of the value of that stock which were untrue and fraudulent and made for the purpose of inducing the public including plaintiff to make such purchases. The transaction in respect of or out of which the cause of action arises is the purchase by plaintiff of his stock under such circumstances, and such purchases conducted by one plaintiff after another respectively plainly constitute a series of transactions within the meaning of the statute. The purchase by a plaintiff of his stock is not robbed of its character as a "transaction" because, as appellants seem to suggest, the transaction was not a dual one occurring between the plaintiff and the defendants, and the many purchases by plaintiffs respectively do not lose their character as a series of transactions because they occurred at different places and times extending through many months.

Finally, we come to the claim made by appellants and included in the second question certified to us that the statute in this particular case· is unconstitutional as violating the rights of defendants to a trial by a jury impartially selected. (*People* v. *Dunn,* 157 N. Y. 528.) It seems to be conceded by appellants that the statute only becomes unconstitutional under certain circumstances and that if it were applied to the assembly in one action of a small number of plaintiffs with their respective causes of action it would be constitutional. We are unable to see anything in its terms which makes it unconstitutional in this case.

The first specification of the appellants is that they are compelled at the election of plaintiffs to try a large number of causes of action before one jury when they should have the right of a new jury for the trial of each cause of action. This objection is intended to be different than one referring to the number of challenges which defendants ought to have and which undoubtedly would

be a matter of judgment for the Legislature. The complaint really is that because appellants are compelled to try all of these causes of action before one jury they are prevented from enjoying a constitutional right to the selection of a new jury for each cause of action and they are apt to be prejudiced by the fact that the jury will carry forward to the determination of one cause of action the convictions which it has formed in the case of a prior one. If we should assume, without deciding it, that it would be unconstitutional to compel the defendants successively to try many different actions before the same jury, that does not seem to us to be at all the present case. Before a jury properly selected, at the same time there are submitted these various causes of action. Naturally the jury will adopt in respect of all of the causes of action the conclusion which it has reached on the common issues, but we cannot assume that it will not consider and properly decide by themselves the separate issues which arise in connection with each cause of action. For instance, we cannot assume that because the jury had decided that at one time one plaintiff had bought a certain amount of stock in reliance upon defendants' alleged representations, it would thereby be influenced to decide that another plaintiff at an entirely different time had bought some stock. The substantial situation before the jury will not be at all different than it would have been if one of these plaintiffs, taking an assignment of the causes of action respectively of all of the other plaintiffs, had brought one action thereon to be tried before one jury, and it has never been supposed that there would be any unconstitutional feature in that course of proceeding. So long as the substance of the right of trial by jury is preserved the details of the method by which it shall be exercised and enjoyed are largely subject to the discretion of the Legislature. (*Smith* v. *Western Pac. Ry. Co.,* 203 N. Y. 499.)

The second specification of complaint largely comes to

the same end as the first one and is that it will be
impossible for a jury to remember the details of so many
causes of action; that they will as a matter of form decide
each cause of action as they have decided every other
and that, therefore, the appellants will be deprived of
a fair and impartial trial of each cause of action. That
complaint calls upon us to assume that the trial judge
will not be able to present the different causes of action
in such a manner as will enable the jury fairly and
intelligently to pass upon the different issues or that the
jury will disregard the instructions of the judge. The
question whether the causes of action are so numerous that
they cannot be intelligently submitted and considered by
a jury necessarily is largely a matter of judgment and
the possibility of an unfair trial and, therefore, the
deprivation of the rights to which a defendant is entitled
under the Constitution is safeguarded against by the
provision in the statute permitting the court to order
separate trials or make such other order as may be
expedient and necessary to prevent embarrassment and
delay in the trial of an action. In this case it has been
held by the trial court and affirmed by the Appellate
Division in the exercise of its judgment that such separate
trials are not necessary, and we do not feel that we can
say as a matter of law that such decision is erroneous.
If, as the trial progresses and the conflict of evidence and
argument develops it appears that a wrong conclusion
has been reached upon the face of the complaint, and
that a fair trial cannot be had of so many separate causes
of action it would not only be within the power but would
be the duty of the trial judge to allow the defendants
to renew their motion for division of the causes of action
and separate trials and to afford such relief as might seem
necessary. There seems to us to be involved in the applica-
tion of the statute the exercise of good judgment especially
by the trial court. There does not seem to be involved
any annihilation of defendants' constitutional rights.

Therefore, as the appeal now stands, not only by interpretation of the statute as it seems plainly to read, but also applying the decisions made in the interpretation of the English Practice Act and of a similar act in New Jersey (*Met. Cas. Ins. Co.* v. *L. V. R. R. Co.,* 94 N. J. L. 236; *Drincqbier* v. *Wood,* L. R. [1899] 1 Ch. Div. 393; *Universities of Oxford & Cambridge* v. *Gill & Sons,* L. R. [1899] 1 Ch. Div. 55; *Thomas* v. *Moore,* L. R. [1918] 1 K. B. 555; *Payne* v. *British Time Recorder Co.,* L. R. [1921] 2 K. B. 1; *Markt & Co., Ltd.,* v. *Knight Steamship, Ltd.,* L. R. [1910] 2 K. B. 1021; *Stroud* v. *Lawson,* L. R. [1898] 2 Q. B. 54), we think the order should be affirmed, with costs, and of the questions certified to us the first one should be answered in the affirmative and the second one in the negative.

CARDOZO, POUND, MCLAUGHLIN, CRANE. ANDREWS and LEHMAN, JJ., concur.

Order affirmed.