JOHN M. BRENNAN, Respondent, *v.* NATIONAL EQUITABLE INVEST-
MENT CO., INC., Appellant.

First Department, October 31, 1924.

**Pleadings — consolidation of actions — one hundred actions instituted in different courts against defendant by different plaintiffs should not be consolidated with this action on motion of plaintiff without notice to, or consent of, all plaintiffs — consolidation not authorized by Civil Practice Act, §§ 96, 97 and 209.**

It was error for the court, upon a motion by the plaintiff in this action, to consolidate with it one hundred other actions brought against the defendant herein in the Supreme Court of New York county, the Supreme Court of Kings county and in various districts of the Municipal Court of the City of New York, in the absence of notice to the plaintiffs in the other actions or consent by them to the consolidation.

Furthermore, sections 96, 97 and 209 of the Civil Practice Act, providing for the consolidation of actions and the joinder of parties plaintiff, do not confer upon the court the power to make such an order of consolidation, even upon notice, when the plaintiffs in the other actions have exercised their right of election and brought their several suits separately and in different courts.

APPEAL by the defendant, National Equitable Investment Co., Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of July, 1924, granting the plaintiff's motion to consolidate several actions.

*John S. Wise, Jr.,* for the appellant.

*Foster, LaGuardia & Cutler [A. S. Cutler* of counsel; *Nelson K. Scherer* with him on the brief], for the respondent.

McAvoy, J.:

The appeal is made by the above-named defendant, appellant, National Equitable Investment Co., Inc., from an order made and entered in this action at Special Term, Part I, of the Supreme Court, New York county, July 29, 1924, granting the motion of the

plaintiff herein to consolidate in this action in New York county about 100 actions brought by different plaintiffs against this defendant in the Supreme Court of New York county, Supreme Court of Kings county, and various districts of the Municipal Court of the City of New York.

The cases consolidated are enumerated in the order. In some of them no complaints have been served. In the numerous cases in the Municipal Court the short form of complaint, by indorsement upon the summons, merely states: " Action for return of money procured from the plaintiff by fraudulent misrepresentations." Upon the affidavit of the attorney who made the application that the issues in these 100 actions, by these 200 plaintiffs, are the same, the court below made an order consolidating them, notwithstanding the statement of the defendant that the issues are not all the same. None of these parties appear to have intimated their desire to be joined.

The majority of these actions are in the Municipal Courts, where only the short form of indorsement of complaint above mentioned is used, and it is not precisely apparent that the joinder is of matter arising out of the same transaction or series of transactions. One hundred plaintiffs have seen fit to join in two actions in the Supreme Court, New York county. In these last-mentioned cases, and in the case of one Edwards, no complaints have been served.

Nowhere in the papers is there a suggestion that any of the other 200 people, whose interest and rights are concerned, concur in the motion to consolidate in this plaintiff's action the actions they have seen fit to bring separately.

The order entered is entered in the Brennan suit only. To bind these other parties to accept the terms of this order it is essential that they have notice of the application in their respective actions and have their opportunity to be heard, or that they all join in the motion.

There is nothing in the order or in the method by which it was procured to deprive these numerous plaintiffs of the right to repudiate the order and decline to submit to its terms. No plaintiff has made an affidavit or submitted a consent to his suit being thus merged with the others, nor does the attorney swear he has the other parties' authorization to bring them all into one suit.

The language of sections 96, 97 and 209 of the Civil Practice Act, providing for consolidation of actions and joinder of parties plaintiff, while very broad, does not confer upon the court power to make such order even upon notice when such plaintiffs have exercised their right of election and brought their several suits separately and in

different courts.  *Akely* v. *Kinnicutt* (238 N. Y. 466), where joinder of numerous plaintiffs was permitted, was an action in which all joined in the original complaint, and that cause is no authority for this procedure.

Though in his decision the learned justice at Special Term directed that the consolidation should embrace only those actions brought by the plaintiffs who purchased from agents of the defendant company, the order merges and consolidates all of the issues in these more than 100 actions into one action upon the application of a single plaintiff, Brennan, without proof of which actions are covered by this limitation, and with no notice to any of the other parties, and without any evidence of their approval or consent.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.