SILAS W. CRANDALL, Respondent, *v.* A. B. LEACH & CO., INC., and Another, Appellants, Impleaded with WILFRED E. FULCHER, Defendant.

Fourth Department, December 30, 1927.

**Actions — consolidation — consolidation of actions for deceit by separate plaintiffs against same defendants was properly ordered under Civil Practice Act, § 96.**

It was not error for the court to grant a motion, under section 96 of the Civil Practice Act, consolidating two actions for deceit brought by separate plaintiffs against the same defendants, where both actions arose out of the same transactions, for it appears that the consolidation will not prejudice any substantial right of the defendants.  Even though there were separate trials, the fraudulent acts in the one case might be admissible in the other case on the question of intent, and if that is so there is no substance to the claim of prejudice.

SAWYER and CLARK, JJ., dissent, with opinion.

APPEAL by the defendants, A. B. Leach & Co., Inc., and another, from an order of the Supreme Court, entered in the office of the clerk of the county of Onondaga on the 19th day of October, 1927.

*Elmer W. Maher*, for the appellants.

*A. Gordon Murray* [*Charles H. Kelby* and *John B. Doyle* of counsel], for the respondent.

CROUCH, J.  The appeal is from an order consolidating an action for deceit brought by Silas W. Crandall with a similar action brought by Harold T. Conant against the same defendants.

We think there was no abuse of discretion.

It is to be noted at the outset that the decision in *Akely* v. *Kinni-*

*cutt* (238 N. Y. 466), which is pressed to our attention, dealt with the question of joinder of parties plaintiff under section 209 of the Civil Practice Act, where the test is the existence of a " common question of law or fact." The instant case, however, relates to the consolidation of actions under section 96 of the Civil Practice Act, and the test is whether the particular actions can be consolidated " without prejudice to a substantial right."

While in the course of administration the two concepts may sometimes overlap, they are none the less distinct; and the latter is much wider in scope. That actions proposed to be consolidated have no common question of law or fact, or that the causes of action are not such as can be joined under section 258 of the Civil Practice Act, are, no doubt, matters for consideration as bearing on the question of whether a substantial right would be prejudiced by consolidation. But they are not conclusive. (*Goldey* v. *Bierman*, 201 App. Div. 527.) This court has said that " a wide discretion should be allowed the Special Term in granting and denying motions to consolidate." (*Dexter Sulphite Pulp & Paper Co.* v. *Hearst, No. 1*, 206 App. Div. 101, 103.) Such discretion should not be interfered with " unless it is clear that some substantial right is in jeopardy; and the burden of showing that rests upon the party objecting." (*Sherlock* v. *Manwaren*, 208 App. Div. 538, 541, 542.) To sustain that burden the appellants here urge only one claim of prejudice. They say that there is danger that the jury might give the plaintiff in one action the benefit of false representations made only to the plaintiff in the other action. But we have been told that " we cannot assume that it [the jury] will not consider and properly decide by themselves the separate issues which arise in connection with each cause of action." (*Akely* v. *Kinnicutt*, 238 N. Y. 466, 475.) The plaintiff Crandall pleads two causes of action arising from alleged false representations made on two different occasions. In the second cause of action there are set forth representations included in the first cause and others not so included. Suppose the representations alleged in the other action as having been made to the plaintiff Conant had been made to Crandall; or that Conant had assigned to Crandall his cause of action; and that Crandall had pleaded those representations as a basis for a third cause of action. It would then have appeared that many of the representations in the three causes of action were identical, but that some were not, though all related to the same subject-matter. If, under that hypothetical pleading, the Special Term, upon motion, had refused to sever, we would not, I think, be justified in upsetting such an exercise of discretion. (*Mende* v. *Mende*, 218 App. Div. 791.) The situation here, so far as the

question of prejudice to a substantial right is concerned, does not differ in principle from that involved in the *Mende* case, which was an action for fraud, where the defendants may have participated in the fraudulent acts with varying degrees of liability. It was held that there was no occasion to sever the action.

Apart from the foregoing considerations it may be suggested that even though there were separate trials, the evidence of fraudlent acts in the one case might be admissible in the other on the question of intent. (*Boyd* v. *Boyd*, 164 N. Y. 234, 241, and cases cited; 27 C. J. 60.) If that be so, there is little left to the claim of prejudice to substantial rights from consolidation.

The order should be affirmed, with ten dollars costs and disbursements.

All concur, except CLARK and SAWYER, JJ., who dissent and vote for reversal in an opinion by SAWYER, J. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

SAWYER, J. (dissenting). I am unable to agree with the conclusion of my associates that these actions can be consolidated " without prejudice to a substantial right."

From an examination of the complaints it will be seen that while both are founded on alleged false representations of defendants in the sale of the bonds and involve the same questions of law, they set out separate and distinct transactions involving entirely different detail of facts.

This plaintiff alleges that defendant on or prior to November 24, 1919, issued a prospectus for circulation and distribution among investors in general and all persons into whose hands such circulars should come, including the plaintiff, for the purpose of inducing them in reliance upon the statements contained therein as well as for that of deceiving and defrauding them, to invest in certain bonds therein described. The complaint also states that such prospectus was mailed to plaintiff and that in reliance upon the truth of the statements therein contained and of further statements, later made to him by an agent of defendants, he was induced to make the unprofitable investment sought by this action to be recovered.

The complaint in the Conant action follows the same general line and alleges the preparation, circulation and distribution of the prospectus of November 24, 1919; it further sets forth that about the 13th day of January, 1920, the same was revised, reprinted and similarly circulated, which revised circular was delivered to the plaintiff Conant who, upon the faith of its representations, together with those of an agent of defendant, but not the same agent men-

tioned in the Crandall complaint, was induced to make the purchase of which he complains and for which he also seeks to recover.

Each complaint sets forth in detail the alleged false statements and representations contained in the circulars on which the plaintiff relied, together with those made to him by the agent in question. A comparison of these demonstrates some to have been made to both Mr. Crandall and Mr. Conant, but that, as to others, there was a wide divergence between those made to each. Statements both by circular and by agent are claimed to have been made to Mr. Conant, which, if not true, might lead a jury to believe that he had been defrauded of his money and was entitled to recover, that were not made to Mr. Crandall. Likewise, a considerable number of statements, which, if untrue, might induce a verdict in favor of the latter, are alleged to have been the incentive for his purchase but formed no part of those leading to that of Mr. Conant.

In this situation of the pleadings it appears quite possible that upon separate trials a jury might find one plaintiff to have been defrauded and the other not. The danger of a consolidation lies in the probability, or at least possibility, that in a case of this character the jury may not distinguish between the representations affecting only the one plaintiff and those only the other and apply all for the benefit of both. This being so, I am unable to believe that the actions can be consolidated without prejudice to the substantial rights of defendants. Tried separately defendants are in position to meet and refute, if they can, the particular charges laid against them in the individual action. Tried together they must not only meet the charges of each plaintiff, but must also face the likelihood that all the charges will be accepted as fraudulently made to both.

The Court of Appeals in *Akely* v. *Kinnicutt* (238 N. Y. 466) upheld the joinder of 193 separate and independent causes of action brought by as many individual plaintiffs. The decision was, however, specifically placed on the ground that " the common issues are basic and would seem to be the ones around which must revolve the greatest struggle and to which must be directed the greatest amount of evidence," while the separate issues simply related to " whether the plaintiff saw the prospectus or learned of its representations, was influenced thereby and at a certain date bought a certain amount of stock at a certain price in advance of its real value in reliance thereon."

Of these individual issues the court said that " the majority of them cannot involve much evidence or lengthy dispute." The decision clearly recognizes (p. 476) that there may be cases where a jury cannot intelligently consider combined causes of action and

that "the question   *   *   *   is largely a matter of judgment and the possibility of an unfair trial." As already pointed out, I think that the danger of an unfair trial resulting from the order appealed from must outweigh any advantage that would ordinarily flow to either the parties or the court from such a consolidation and that the order should be reversed.

CLARK, J., concurs.

Order affirmed, with ten dollars costs and disbursements.