ELLA MCALLISTER, as Administratrix, etc., of GEORGE HARVEY, an Infant, Deceased, Respondent, *v.* WILLIAM E. DRISLANE, JR., Appellant.

ELLA MCALLISTER, as Administratrix, etc., of LAVERNE HARVEY, an Infant, Deceased, Respondent, *v.* WILLIAM E. DRISLANE, JR., Appellant.

MARIE RYAN, an Infant, by AGNES RYAN, Her Guardian ad Litem, Respondent, *v.* WILLIAM E. DRISLANE, JR., Appellant.

Third Department, September 23, 1933.

*Neile F. Towner,* for the appellant.

*William J. Grattan,* for the respondent Ella McAllister, as administratrix.

*David Wanger [Harold Segal* of counsel], for the respondent Marie Ryan.

HEFFERNAN, J. On October 16, 1932, Marie Ryan, George Harvey and LaVerne Harvey were passengers in an automobile which collided with a car owned by defendant and operated by his son, as a result of which Miss Ryan was injured and her two companions killed.

Thereafter, Miss Ryan instituted an action in the County Court of Albany county to recover damages because of the alleged negligence of defendant and like actions were brought by the representatives of decedents in the Supreme Court with the venue in Albany county. Defendant moved to transfer the Ryan action to the Supreme Court and to consolidate it with the companion suits in that court. The court at Special Term denied the application and from that order defendant has come to this court.

Section 96 of the Civil Practice Act provides that an action may be severed and actions may be consolidated whenever it can be done without prejudice to a substantial right. Section 97 of the same act is to the effect that where one of the actions is pending in the Supreme Court and another is pending in a different court, the Supreme Court may by order remove to itself the action in the other court and consolidate it with that in the Supreme Court. These sections of the Civil Practice Act make substantial changes in the practice as contained in the Code of Civil Procedure. The object of these provisions is to avoid a multiplicity of suits, to accelerate the administration of justice and to prevent useless expense.

In this department it is proper practice to consolidate in

one action various claims for negligence arising out of an automobile collision. The same result is accomplished when the trial judge directs that all such actions be tried together. There is nothing difficult or complicated about such trials. Usually the only questions to be determined are who is at fault and the amount of damages. It is true, as suggested on the argument, that in a death case different principles of law are to be applied on the questions of contributory negligence and damages than those which are applicable in the case of an injured plaintiff. These rules, however, are not difficult of explanation or application. No good reason suggests itself to us why practically all actions of this character should not be consolidated or tried together.

Cases may arise of course where it is impossible to do this without prejudice to the rights of litigants.

Respondent urges that *Levine* v. *Products Mfg. Co.* (217 App. Div. 762) requires an affirmance of the order under review. In the case cited the facts are somewhat obscure. We are not persuaded by the reasoning of that decision that consolidation should not be granted merely because the issues are not the same.

In the case under consideration the Special Term denied the application in the exercise of discretion. We believe that a wide discretion should be allowed the Special Term in the decision of motions of this character. The power, however, is not unlimited. This court will not hesitate to exercise its supervisory authority whenever it is satisfied that the discretion has been abused. We cannot say from the record that the order appealed from passed beyond the limits of a sound judicial discretion and consequently it is affirmed, with ten dollars costs and disbursements.

HILL, P. J., RHODES and CRAPSER, JJ., concur; McNAMEE, J., concurs in the result, with a memorandum.

McNAMEE, J. (concurring). Application to the Special Term was made to transfer an action pending in the County Court to the Supreme Court, and consolidating that action with two other separate actions in the Supreme Court, all of the causes of action having arisen out of an automobile collision. The application was denied by the Special Term. In the arguments before this court, and in the briefs of counsel, the right to this relief was urged on the one side and opposed on the other under sections 96 and 97 of the Civil Practice Act, as though the right to transfer and consolidate, if any, was dependent upon those sections. It is evident that all actions may not be so transferred and so consolidated; and those sections do not specify what classes of actions

may be so treated. Accordingly, the classes of actions which the court has jurisdiction to transfer and consolidate, as well as the attendant conditions, must be found elsewhere.

The consolidation of actions with the passage of time has been given a variety of meanings. It has meant more than the rearranging of actions separately begun, or combining them for a special purpose, such as trial. It has meant to join or unite two or more actions into a single action, leaving only the consolidated action remaining. Consolidation has meant that several causes of action, between the same parties, may be joined in one suit; it has meant the joining of two or more actions between the same parties, arising out of the same transaction, as it has meant also the staying of one or more actions while another was being tried, the parties to the remaining actions being compelled to accept the event of the one tried; it has also meant the combining of two or more actions, for the purpose of trial only. Such was the understanding of " consolidation " before the Civil Practice Act. (*Jackson* v. *Schauber*, 4 Cow. 78; *Jackson* v. *Stiles*, 5 id. 282, 283; *Dunning* v. *Bank of Auburn*, 19 Wend. 23; *Hiscox* v. *New Yorker Staats-Zeitung*, 3 Misc. 110; 1 Bouv. 620; 2 Words and Phrases, 1451.) Cases applying certain of these principles and bearing on the questions of consolidation, the judgment, and costs have been decided since the adoption of the Civil Practice Act (*Kelley* v. *Kelley*, 123 Misc. 583; *Hilimire* v. *Fitzgerald Bros. Const. Co., Inc.*, 139 id. 110; *Hull* v. *Shannon*, Id. 564).

Section 96 of the Civil Practice Act gives only the power to consolidate " whenever it can be done without prejudice to a substantial right." But this does not indicate what kind of actions may be consolidated, nor what shall be the form, nor what shall be the result of the consolidation. And although section 97 of the Civil Practice Act gives to the Supreme Court the power to remove to itself an action in another court, and to consolidate it with an action already pending there, this section also leaves undetermined what actions may be removed and what actions may thus be consolidated, and in what way the actions are to be affected by the order. It is thus seen that when only those two statutes are submitted to and considered by the court, the application will be denied.

Regardless of the form, or the purpose, or the result of the consolidation, there has been present always under the old practice a unifying element or bond which justified joinder. Under the Code of Civil Procedure (section 817 and kindred sections), the classes of action which could be consolidated and the conditions

upon which joinder was authorized were indicated. That section in part was supplanted by section 96 of the Civil Practice Act. But this latter section, as before noted, contains no classification, condition or limitation, except the one that the consolidation must be " without prejudice to a substantial right." On its face this section cannot be the sole ground upon which to base a motion for consolidation.

But in an examination of section 209 of the Civil Practice Act, we find that the Legislature has determined what actions may be joined, what are the conditions which will justify the court in making its order, and what may be the judgment. It is there provided that all of the plaintiffs in separate actions arising out of the same transaction or a series of transactions, may be joined in one action, if any common question of law or fact will arise on the trial, and in such case judgment may be given to the various plaintiffs in accordance with their respective rights. But whether such joinder shall be ordered is left to the sound discretion of the court. And, in this case, it is only upon consideration of the three sections mentioned that a right of removal and of joinder may be determined. (*Akely* v. *Kinnicutt*, 238 N. Y. 466; *Brennan* v. *National Equitable Investment Co., Inc.*, 210 App. Div. 426.)

This latter section draws no distinction between actions for negligence causing death on the one hand and those causing personal injury or injury to property on the other. And as is clearly stated in the opinion of Mr. Justice HEFFERNAN, whether such actions shall be joined for the purpose of trial is a matter of discretion in the trial court or in the Special Term. If the order appealed from was made without consideration of section 209, or in reliance upon the theory that death actions, so called, could not be joined with actions for personal injury or injury to property, the Special Term may entertain an application to renew the motion. The order appealed from, however, should be affirmed.

Order affirmed, with ten dollars costs and disbursements.