MABEL J. STERNLICHT, as Temporary Administratrix of the Estate of MAURICE STERNLICHT, Deceased, Plaintiff, *v.* TRUMAN WESLING, Defendant. (Action No. 1.)*

MABEL J. STERNLICHT, Plaintiff, *v.* TRUMAN WESLING, Defendant. (Action No. 2.)

TRUMAN A. WESLING, Plaintiff, *v.* MABEL J. STERNLICHT, Defendant. (Action No. 3.)

Supreme Court, Special Term, Erie County, March 1, 1947.

*Joseph A. Marion* (*Adelbert Fleischman* of counsel), for Mabel Sternlicht, individually and as temporary administratrix of the estate of Maurice Sternlicht, deceased, plaintiff in actions Nos. 1 and 2.

* See, also, *Fawcett Publications* v. *New World Club,* 188 Misc. 202.— [REP.

*Adams, Smith, Brown & Starrett* for Truman Wesling, defendant in actions Nos. 1 and 2.

*Alfred L. Hetzelt* for Truman A. Wesling, plaintiff in action No. 3.

*Frank A. Pfalzer* for Mabel J. Sternlicht, defendant in action No. 3.

VANDERMEULEN, J. Truman A. Wesling commenced an action in the County Court of Erie County against Mabel J. Sternlicht for negligence arising out of a collision between an automobile owned by her and plaintiff's automobile. The collision occurred on March 5, 1946. It is claimed that the automobile was operated by her husband, Maurice Sternlicht, by and with her consent expressed or implied. The action was commenced on or about May 7, 1946, and is pending on the trial calendar and likely to be reached for trial shortly. The plaintiff is represented by Alfred L. Hetzelt, attorney and counselor at law, the defendant by Frank A. Pfalzer, attorney and counselor at law. On or about September 3, 1946, Mabel J. Sternlicht, as plaintiff commenced one action individually and another as temporary administratrix of the estate of Maurice Sternlicht, deceased, against Truman Wesling in the Supreme Court, Erie County. In these actions she is represented by Joseph A. Marion, attorney and counselor at law. The defendant is represented in these actions by Adams, Smith, Brown and Starrett, attorneys and counselors at law.

The plaintiff individually and as temporary administratrix seeks a consolidation of all actions.

The actions are hereby ordered to be tried together without consolidation. (*Meyers* v. *Young,* 270 App. Div. 800, **citing** Civ. Prac. Act, § 96-a; *Crandall* v. *Leach & Co., Inc.,* 222 App. Div. 292; *McAllister* v. *Drislane,* 239 App. Div. 85; *Olson* v. *Abbott,* 267 App. Div. 1044.)

The action commenced by the administratrix being on the calendar as a preferred cause, the said preference shall extend to and include all other actions.

The estate of Maurice Sternlicht is not a defendant in any of the cases nor is any counterclaim asserted against it. This is such an exceptional circumstance as, in my opinion, to obviate the rule of priority in opening and closing the cases.

In *Lee* v. *Schmeltz* (229 App. Div. 206, 207) the court said: " In giving effect to this section, the courts have had before them two conflicting principles, namely, priority of action in the

cause first commenced and, in the other, the right of plaintiff to open and close. *In the absence of exceptional situations* it is submitted that priority of action should govern." (Italics mine.)

In *Brink's Express Co., Inc.* v. *Burns* (230 App. Div. 559, 562) the court said: " Undoubtedly there are cases where precedence in the commencement of an action should not be made the controlling factor in the court's decision of the terms upon which the actions will be joined. The mere fact that one party wins a race to see who can commence an action first, where there are conflicting rights arising out of the same transaction, does not necessarily mean that his right to open and close, if his action is consolidated with another brought by the other party, is so real and important that it cannot be taken away from him."

Because of the probable similarity of the evidence in the cases brought by Mabel Sternlicht in her individual and representative capacities and of the fact that the same attorneys represent her in both of those actions, the openings in both should be combined or one should immediately follow the other to be followed in turn by the opening in *Wesling* v. *Sternlicht*. The closing arguments should follow the reverse order.

Submit order accordingly.