**MESA COMPUTER UTILITIES, INC., et al., Plaintiffs,**

v.

**WESTERN UNION COMPUTER UTIL-ITIES, INC., et al., Defendants.**

**Civ. A. No. 74–80.**

United States District Court,
D. Delaware.
April 23, 1975.

David A. Drexler, Paul P. Welsh, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., of counsel, Jack R. Pirozzolo, Boston, Mass., for plaintiffs.

Richard F. Corroon, Peter M. Sieglaff, of Potter, Anderson & Corroon, Wilmington, Del., for defendants.

## OPINION AND ORDER

MURRAY M. SCHWARTZ, District Judge.

One individual and three corporate plaintiffs [1] join in this action seeking injunctive as well as monetary relief from Western Union Computer Utilities, Inc. (WUCU) and its alleged corporate parents, Western Union Corporation and the Western Union Telegraph Company.[2] The action is predicated upon the execution during 1969 and 1970 of certain franchise agreements between WUCU and each of the corporate plaintiffs; in essence, these agreements gave plaintiffs, as franchisees, the right to operate computer service bureaus designed to provide automated accounting services to medium-sized businesses in the franchise area. The franchisor, WUCU, agreed in turn to develop and maintain computer programs having general business application for use by the computer service bureaus. With the exception of the parties and franchise areas described, the agreements were in all material respects identical.

The amended complaint asserts eight claims which, for present purposes, fall into three substantive areas. Plaintiffs first allege that defendant WUCU as agent, and its parent corporation, as principal, breached the original franchise agreements because, among other things, WUCU failed to deliver usable programs, did not maintain an adequate staff of programmers and technicians, failed to develop a nationwide computer service bureau network, and breached implied warranties of fitness and merchantability in failing to supply adequate computer programs.[3] Second, plaintiffs maintain that they were induced to enter into the original franchise agreements based upon fraudulent representations by WUCU relating to its ability and intention to provide the services described in the franchise agreements. Finally, plaintiffs assert various antitrust violations by defendants arising from the latters' alleged conspiracy to force WUCU franchisees out of business and the concomitant acquisition by the Western Union Corporation of a competing subsidiary, National Sharedata, Inc.; it is alleged that these transactions resulted in the unlawful diminution of competition and creation of monopoly in certain computer markets.

Defendants have filed counterclaims against two of the three corporate plaintiffs—Seattle and Cleveland—based upon the latters' failure to remit certain license fees and royalties called for in the original franchise agreements. De-

---

1. The corporate plaintiffs include Mesa Computer Utilities, Inc. (Mesa), Computer Utilities of Cleveland, Inc. (Cleveland), and Seattle Computer Utilities, Inc. (Seattle). Plaintiff John Cutler Gray is president of Seattle.

2. At this stage of the litigation, it does not appear which of these entities is in fact the parent of WUCU; accordingly, plaintiffs seek to recover in the alternative.

3. It is alleged that these breaches were designed to coerce WUCU franchisees into abandoning the original franchise agreement in favor of a less advantageous agreement. Only one of the plaintiff franchisees, Mesa, signed the new contract; Mesa seeks here to recover for WUCU's alleged breach of both contracts.

fendants assert that these agreements were terminated pursuant to plaintiffs' alleged breach and notification thereof. Defendants request no damages from plaintiff Mesa.

Defendants seek in the instant motion to sever the joined plaintiffs, contending that the claims asserted by each arise out of entirely separate transactions or involve substantially different questions of law and fact. Accordingly, they assert joinder by plaintiffs in a single action is improper under Fed.R.Civ.P. 20(a). For the reasons articulated below, the Court must at this juncture deny defendants' motion.

■ Fed.R.Civ.P. 20(a) establishes the procedure governing permissive joinder of parties in a single civil action.[4] The first sentence of that rule provides that several persons may join as plaintiffs "if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." The quoted language contemplates two tests for joinder: (1) the occurrence of some question of fact or law common to all parties; and (2) the existence of a right to relief predicated upon or arising out of a single transaction or occurrence or series thereof. Both tests must

be satisfied if joinder is to be permitted. Smith v. North American Rockwell Corp., 50 F.R.D. 515, 522 (N.D.Okl. 1970); Poindexter v. Louisiana Financial Assistance Corp., 258 F.Supp. 158, 165–66 (E.D.La.1966), aff'd 389 U.S. 571, 88 S.Ct. 693, 19 L.Ed.2d 780 (1968) (per curiam); Philadelphia Dressed Beef Co. v. Wilson & Co., 19 F.R.D. 198, 200 (E.D.Pa.1956).

Defendants contend that plaintiffs' joinder is improper because their respective contract claims do not arise out of a single transaction or occurrence nor do they involve common questions of law or fact. They stress the fact that each franchise agreement was solicited, negotiated, and executed at different times and places and that WUCU's contractual performance with respect to each franchisee was dependent upon a diverse set of variables which had little or no interdependence. The alleged defects in WUCU's performance were different with respect to each franchisee; hence, defendants urge, the adequacy of this performance under the terms of the agreement will entail wholly different legal and factual inquiries in each case.

Defendants argue that the remaining antitrust and fraud aspects of plaintiffs' action are wholly spurious for purposes of this motion. They urge (1) the allegedly fraudulent misrepresentations made to all plaintiffs do not form a legally cognizable basis for relief because they

4. **Rule 20.**
**Permissive Joinder of Parties**
(a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons (and any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of trans-

actions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.
(b) Separate Trials. The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom he asserts no claim and who asserts no claim against him, and may order separate trials or make other orders to prevent delay or prejudice.

were disclaimed or superseded by the written franchise agreement; (2) the allegedly fraudulent representations were made separately to different plaintiffs and were not part and parcel of a single course of dealing; and (3) the antitrust allegation of conspiratorial activity designed to destroy WUCU franchisees is contraindicated by the fact that one franchisee, Mesa is still operative.

■ Notwithstanding defendants' contentions, the Court is not prepared to conclude that the tests for joinder cannot be met. The contract claims may well be predicated on different transactions or occurrences. The Court cannot, however, discount the fact that the fraud and antitrust claims respectively allege acts of misrepresentation and conspiracy which directly affected all plaintiffs. It has been held that such conduct may constitute a single transaction or occurrence for purposes of Rule 20(a).[5] Of course, defendants' argument that the allegedly fraudulent acts were perpetrated separately and were not part and parcel of a larger fraudulent scheme may or may not ultimately prove true; at this point, however, the record is not sufficiently well-developed to permit such a conclusion. Moreover, while it is recognized, as defendants contend, that plaintiffs' fraud and antitrust claims may eventually prove to have no factual or legal basis, it would be wholly premature to pass upon these arguments at this point in the litigation or in the context of the present motion.

■ For similar reasons, it cannot be said that there exist no factual or legal issues which are common to all parties plaintiff. It is apparent, even at this stage of the litigation, that the legal and factual issues to be determined will differ in some respects from one plaintiff to the next. However, Rule 20(a) does not require precise congruence of all factual and legal issues; indeed, joinder may be permissible if there is but one question of law or fact common to the parties. Music Merchants, Inc. v. Capitol Records, Inc., 20 F.R.D. 462, 464–65 (S.D.N.Y.1959); see 7 C. Wright & A. Miller, Federal Practice and Procedure § 1653, at 274 (1972). Inasmuch as plaintiffs allege identical fraudulent and conspiratorial activity directly affecting each of them, it cannot be said that common legal and factual questions are here nonexistent.[6]

■■ Given the state of the record at this stage of the litigation, the advisability of severance is uncertain at best. The more prudent course of action in such circumstances dictates deferral of a decision until the record more fully reflects the relationship between the joined parties and their respective claims. As Professor Kaplan has stated, "Discretion exercised near trial time seems quite appropriate if, as we have suggested, the question of the relatedness of claims in multiparty actions may

---

5. For cases decided under Fed.R.Civ.P. 20 and similar rules, see Goodman v. H. Hentz & Co., 265 F.Supp. 440 (N.D.Ill.1967) (fraud); Gasswint v. Clapper, 17 F.R.D. 309 (W.D.Mo.1955) (antitrust); Akely v. Kinnicutt, 238 N.Y. 466, 144 N.E. 682 (1924) (fraud). Cf. Farmers Co-op Oil Co. v. Socony-Vacuum Oil Co., 133 F.2d 101, 105 (5th Cir. 1942) (antitrust).

6. Defendants rely heavily on Sun-X Glass Tinting of Mid-Wisconsin, Inc. v. Sun-X Int'l, Inc., 227 F.Supp. 365 (W.D.Wis.1964). Therein, the court held that plaintiffs could not join in an action to recover for fraudulent procurement by the defendant of distributor-dealer contracts as it appeared that each contract was negotiated separately with each plaintiff-distributor.

Unlike the case sub judice, however, Sun-X did not involve allegations of antitrust conspiracy affecting all plaintiffs. Moreover, the court in Sun-X recognized that there had been no singular communication involving fraudulent misrepresentations to plaintiffs. 227 F.Supp. at 374. In the case at bar, plaintiffs predicate much of their claim upon defendants' communication of identical information through identical documents to each plaintiff. For these reasons, the reasoning and result in Sun-X are not persuasive here.

**638**

remain obscure on the pleadings and through the early stages of the action." Kaplan, Continuing Work of the Civil Committee; 1966 Amendments to the Federal Rules of Civil Procedure (II), 81 Harv.L.Rev. 591, 595 (1968). This point is especially well-taken when it is recognized that Rule 20(a) is based upon trial convenience;[7] at the pleading stage, joinder should have little, if any, prejudicial effect, hence, even "marginally related" parties should be permitted to join if consistent with the promotion of judicial economy.[8]

For the reasons stated, the Court is not persuaded at this juncture that severance is warranted. Defendants' motion will be denied with leave to renew if and when the factual record is more fully developed.

---

7. 3A J. Moore, Federal Practice ¶¶ 20.02, .08 (2d ed. 1974).

8. See C. Wright & A. Miller, Federal Practice & Procedure § 1653, at 276 (1972), cit-*ing* Poindexter v. Louisiana Financial Assistance Comm'n, 258 F.Supp. 158 (W.D.La. 1966). See also Sunderland, The New Federal Rules, 45 W.Va.L.Q. 5, 13 (1938).