# CIRCUIT COURT OF ROCKINGHAM COUNTY

Sara Siver

    v.

Rockingham Memorial
Hospital et al.

                Case No. (Law) 11480

James Siver

    v.

Rockingham Memorial
Hospital et al.

                Case No. (Law) 11656

Christopher Siver

    v.

Rockingham Memorial
Hospital et al.

                Case No. (Law) 11657

                March 19, 1999

BY JUDGE JOHN J. MCGRATH, JR.

At approximately 4:20 a.m. on April 20, 1998, David Norton Siver was pronounced dead in the Rockingham Memorial Hospital Emergency Room.

The alleged improper handling of the body of David Norton Siver thereafter has given rise to six separate legal actions.

Sara Siver, a daughter of the decedent, filed a lawsuit in this Court on September 11, 1998, charging Rockingham Memorial Hospital and a number of their nurses with having caused her severe emotional injury, among other things, by the allegedly improper way in which they handled the body of her father.

Her brother, Christopher Siver, and her other brother, James Siver, filed virtually identical actions against the same defendants in the Circuit Court of the City of Richmond. Three other close relatives of David Norton Siver filed similar, if not identical, actions against Rockingham Memorial Hospital and these defendants in the Federal District Court for the Western District of Virginia (Harrisonburg Division). On February 17, 1999, the Circuit Court of the City of Richmond granted the defendants' motion to transfer venue of the James Siver and Christopher Siver cases to this Court.

This Court now has before it three separate and distinct Motions for Judgment alleging identical facts and legal theories as the basis of recovery with the only distinction in the cases being minor differences in the types of injury alleged by the three different plaintiffs. The other three lawsuits involving the handling of David Siver's body are pending in the Federal Court for the Western District of Virginia (Harrisonburg Division) and have been consolidated by the judge in that court for discovery and trial.

In this case, the defendant, Rockingham Memorial Hospital, has moved to consolidate the three cases now pending in this Court for both discovery and trial. The plaintiffs, all represented by the same counsel, oppose consolidation for trial on the grounds that they believe the evidence concerning damages, although quite similar in each of the three cases, is distinct and that the jury may become confused as to the damage claims and the evidence supporting those of the three plaintiffs.

In support of its motion for consolidation, the Defendant, Rockingham Memorial Hospital, relies upon the inherent power of the Court to consolidate cases for trial if such promotes the efficient administration of justice and does not in any way infringe upon the trial rights of any of the parties. Their principal reliance is upon the Supreme Court's decision in *Clark v. Kimnach*, 198 Va. 737 (1957). In *Clark v. Kimnach*, the Supreme Court quoted with approval an extensive portion of the opinion of the Supreme Court of Rhode Island rendered in *Giguere v. Yellow Cab Co.*, 59 R.I. 248, 250, 195 A. 214 (1937), in which the Supreme Court of Rhode Island stated:

The practice of consolidating cases for trial, or trying cases together, is not new in this state, although the question of when such consolidation is proper has not been directly decided by this court. The consolidation of cases for trial only does not operate as a merger of the different cases into one, but merely permits them to be tried together before the same justice or jury to avoid unnecessary delay and expense in the administration of justice. The causes of action remain distinct throughout such a trial, and every legal right is preserved to the respective parties as fully as if the cases had been tried separately. The distinction between such a consolidation of cases for trial only, and a complete and actual consolidation or merger of separate causes of action into only one cause, or the English consolidation practice in use in some jurisdictions in this country, is not always clearly kept in mind or adhered to in some of the decided cases, thereby causing apparent confusion in the law relating to this question.

Our review of the authorities on this point convinces us that independent of statute, by which the matter is regulated in some jurisdictions, the trial court has inherent power to order that several cases pending before it be tried together where they are the same nature, arise from the same act or transaction, involve the same or like issues, depend substantially upon the same evidence, even though it may vary in its details in fixing responsibility, and where such a trial will not prejudice the substantial rights of any party. Whether two or more cases should be tried together is a question which must necessarily be left to the sound discretion of the trial court, after application of the foregoing principles, and its action in this connection will not be revised or interfered with unless its discretion was clearly abused. 64 C.J. 35. On the issue of consolidation for trial, the following cases present situations somewhat similar to the one existing in the instant case. *Burke v. Hodge*, 211 Mass. 156 (1912); *Sullivan v. Boston Elec. Light Co.*, 181 Mass. 294 (1907); *Keep v. Indianapolis & St. Louis R.R. Co.*, 10 F. 454. See also *Azinger v. Pennsylvania R.R. Co.*, 262 Pa. 242, 105 A. 87 (1918); *Reid v. Nichols*, 166 Ky. 423 (1915); *McAllister v. Drislane*, 239 A.D. 85, 266 N.Y.S. 809 (1933).

Although not widely used, this inherent power of the trial court has been recognized in subsequent Virginia cases. *E.g., Tazewell Oil Co. v. United Va.*

*Bank,* 243 Va. 94 (1992); *Harper v. Dept. of Taxation,* 241 Va. 232 (1991); *cf., Maroulis v. Elliot,* 207 Va. 503, (1966); *Maryland Cas. Co. v. Gallahue,* 29 Va. Cir. 359 (Fairfax County) (1992); and *Zachary v. Ney,* 9 Va. Cir. 456 (Henrico County) (1981).

Examining the criteria set forth in *Clark* and its progeny, it is clear that this lawsuit is an ideal candidate for consolidation, both at the discovery stage and at the trial stage. Each of the three plaintiffs is represented by the same law firm, each of the thirty-paragraph Motions for Judgment are absolutely identical with the exception of minor differences in the jurisdictional averments, and each lawsuit is based upon the alleged mishandling of the body of David Norton Siver by defendants after his death on April 20, 1998. The Court clearly has before it three separate actions which arise from the same series of events, and the questions of law and fact will obviously be common, if not identical, in all three actions. The plaintiffs assert in each of their Motions for Judgment the identical theories of recovery against the defendants. In particular, each plaintiff asserts as a grounds of recovery: (1) interference with the right to the preservation of the remains of David Siver; (2) fraud; (3) intentional infliction of emotional distress; and (4) negligent infliction of emotional distress.

It is also obvious, with the exception of the specific type of emotional and/or financial injury suffered by each of the plaintiffs, the evidence that will be presented at trial on the underlying action will be identical. Thus consolidation for discovery and for trial will avoid the needless and cumulative presentation of evidence that would be involved in three separate trials. In fact, on the issue of damages, the evidence may very well be nearly identical in each of the cases because, as of this date, the three plaintiffs had indicated that they will call the same expert witness to testify on causation as well as the severity of the emotional distress suffered by each of the three plaintiffs.

The only real argument offered by the plaintiffs in opposition to the defendant's Motion for Consolidation is that they fear the jury may become confused by the fact that all three of the plaintiffs have suffered slightly different types of psychic injury as a result of the mishandling of the body of their father. However, these differences are minor in nature (such as one plaintiff apparently asserts that they have flashbacks, while another plaintiff asserts that they have other types of mental distress that do not include flashbacks). These are, in the great scheme of events, very minor differences, and there is no reason to believe that the jury will not be able to understand and recall the evidence presented concerning the damages of each of the

plaintiffs and to make appropriate findings. *Cf. Tazewell Oil Co. v. United Va. Bank*, 243 Va. 94 (1992).

Therefore, the Court believes that in the exercise of its inherent power to effectively and efficiently administer justice, it is required that these three actions be consolidated for discovery and trial, and it is so ordered.

The Clerk is directed to send attested copies of this Opinion and Order to Glenn M. Hodge, Esq., counsel for the defendant, Rockingham Memorial Hospital, and to Tracy Taylor, Esq., counsel for plaintiffs.