CHARLES CHIBA and Others, Respondents, *v.* PAUL KURUTZ and THE CITY ICE & FUEL COMPANY, Appellants.

First Department, November 28, 1941.

*Lionel S. Popkin* of counsel [*Harry F. Mela* with him on the brief; *Hess, Mela & Popkin,* attorneys for The City Ice & Fuel Company, appellant; *Eben C. Gould,* attorney for Paul Kurutz, appellant], for the appellants.

*Simon H. Braunstone,* for the respondents.

COHN, J. The challenged complaint contains six causes of action. The first five set forth, respectively, a separate cause of action on behalf of each of the five plaintiffs. The sixth purports to plead a joint cause of action in favor of all five plaintiffs.

In the first five causes of action each plaintiff separately alleges that he was employed by defendant The City Ice & Fuel Company, a foreign corporation; that defendant Paul Kurutz was a supervisory employee of the corporate defendant; that during plaintiff's employment defendant Kurutz, acting in his own behalf and on behalf of defendant The City Ice & Fuel Company, demanded that plaintiff "kick-back" part of his weekly wages upon the threat that a failure to comply would result in the loss of his employment; that plaintiff paid such moneys to defendants and thereafter demanded the return thereof, which demand was refused. Each plaintiff then demands judgment for the sums thus taken from him.

In the sixth cause of action, which is directed solely against defendant The City Ice & Fuel Company, the five plaintiffs together seek a joint recovery from the corporate defendant for insurance premiums deducted from the wages of plaintiffs by said defendant as employer. It is alleged that defendant by duress unlawfully compelled plaintiffs to subscribe to and accept the policies of insurance under threat of dismissal from employment.

Defendants urge that the first five causes of action were improperly joined by plaintiffs in the one complaint as the alleged exaction of payment of part of the weekly wage of each employee is a separate and distinct action; that the transactions involve no common question of law or fact; and that plaintiffs by joining together in one action will be permitted to overcome the effect of the general rule prohibiting evidence of similar acts because on the trial of the action the claim of each plaintiff will be bolstered by the evidence of the other claimants.

While the duress charged by each plaintiff constitutes a wrong which must be considered separately, the actions complained of are transactions of a similar character by the same parties and purport to be part of a general scheme. The rule is that in civil, as well as in criminal, cases, where it is alleged that a party has acquired the property of another through some fraudulent

device, the charge may be supported by proof of contemporaneous acts of the same character. (*Boyd* v. *Boyd,* 164 N. Y. 234, 241; *Altman* v. *Ozdoba,* 237 id. 218, 224; *Matter of Booth,* 215 App. Div. 516, 518; *People* v. *Molineux,* 168 N. Y. 264.)

The statute permitting a joinder of plaintiffs (Civ. Prac. Act, § 209) was adopted to eliminate multiplicity of actions, delays and expense by having all persons whose claims involve any common question of law or of fact joined as plaintiffs in one action. (*Salimoff & Co.* v. *Standard Oil Company,* 259 N. Y. 219.) Here there are common issues of law and fact sufficient to permit the joinder of the claims of the parties plaintiff in the one law suit. Moreover, it does not appear that the joinder will embarrass or delay the trial of the action.

In *Akely* v. *Kinnicutt* (238 N. Y. 466) the court authorized the joinder in one complaint of causes of action brought by 193 plaintiffs, each claiming to have an individual, separate and independent cause of action against the defendants for damages caused by fraud. The court said (at p. 475): " Naturally the jury will adopt in respect of all of the causes of action the conclusion which it has reached on the common issues, but we cannot assume that it will not consider and properly decide by themselves the separate issues which arise in connection with each cause of action. For instance, we cannot assume that because the jury had decided that at one time one plaintiff had bought a certain amount of stock in reliance upon defendants' alleged representations, it would thereby be influenced to decide that another plaintiff at an entirely different time had bought some stock. * * * So long as the substance of the right of trial by jury is preserved the details of the method by which it shall be exercised and enjoyed are largely subject to the discretion of the Legislature. (*Smith* v. *Western Pac. Ry. Co.,* 203 N. Y. 499.) "

In the circumstances the Special Term properly denied defendants' motion to sever the first five causes of action.

The sixth cause of action which pleads a joint cause of action in favor of all five plaintiffs is improperly pleaded. Here plaintiffs as five employees allege that insurance premiums were deducted from the payrolls under duress. The plaintiffs are not united in interest. Nowhere is it alleged that any of the five has any legal title to or interest in any part of the wages earned by any other of the plaintiffs. Moreover, as the payments were allegedly obtained by duress, the wrong done is a wrong to the employees individually. The choice of remedy for such wrong rests with each employee and the cause of action is separate and individual. (*Brenner* v. *Title Guarantee & Trust Co.,* 276 N. Y. 230; *Fleitmann*

*& Co., Inc.,* v. *Colonial Finance Corp.,* 203 App. Div. 827.) It follows, therefore, that the bulking together of all five claims into one purported joint cause of action was improper. The court should have granted the motion of defendant, The City Ice & Fuel Company, to the extent of requiring plaintiffs to separately state and number the various causes of action set forth in the sixth cause of action contained in the complaint.

The order denying the motion of defendant Paul Kurutz should be affirmed, without costs. The order denying the motion of the corporate defendant should be modified to the extent of requiring each of the plaintiffs respectively within ten days after service of order to serve an amended complaint separately stating and numbering his cause of action contained in the sixth cause of action of the complaint, and, as so modified, affirmed, without costs.

MARTIN, P. J., O'MALLEY, TOWNLEY and CALLAHAN, JJ., concur.

Order, denying motion of the defendant Paul Kurutz, unanimously affirmed, without costs. Order, denying motion of the defendant The City Ice & Fuel Company, unanimously modified to the extent of requiring each of the plaintiffs respectively within ten days from service of a copy of the order to be entered hereon to serve an amended complaint separately stating and numbering his cause of action contained in the sixth cause of action of the complaint, and, as so modified, affirmed, without costs. Settle order on notice.