**McFADDEN et al. v. GRACE LINE, Inc.**

United States District Court
S. D. New York.

Dec. 30, 1948.

Hill, Rivkins & Middleton, of New York City, for plaintiffs.

Kirlin, Campbell, Hickox & Keating, of New York City, for defendant.

HULBERT, District Judge.

On November 26, 1948 plaintiffs' motion to remand certain specified causes of action was granted.

Counsel for the respective parties have since appeared before me informally upon defendant's request for a reconsideration.

The action was brought in the New York Supreme Court, New York County, on September 23, 1948, and removed to this court pursuant to 28 U.S.C.A. § 1446.

Eleven causes of action are set forth in the complaint.

The defendant is alleged in the complaint to be a New York corporation, operating a fleet of ocean going vessels between the Port of New York and various South American ports, and undertakes to transport merchandise for hire between such ports. In the petition for removal it is alleged to be a Delaware corporation, which governs.

Causes of action "One" and "Eight" relate to shipments made on September 11, 1947, from Paita, Peru, to New York, by S.S. Santa Elisa. The amounts involved are, respectively, $60,000 and $30,000. There is also the required diversity of citizenship.

Causes of action "Two", "Three", "Four", "Five", "Nine", "Ten" and "Eleven" all involve shipments made on September 26, 1947, from New York to Venezualian ports by S.S. Santa Paula. The amounts involved in causes of action "Two" and "Nine" are, respectively, $10,000 and $3,500, and there is also the required diversity of citizenship.

There is no motion to remand as to causes of action "One", "Two", "Seven", "Eight" and "Nine".

In causes of action numbers "Three", "Four", "Five", "Ten" and "Eleven", the amounts involved are, respectively, $750, $600, $750, $15,000 and $200. The required diversity of citizenship is lacking only as to "Tenth" because the coplaintiff Heyden Chemical Corporation and the defendant are both citizens of Delaware and as to the others the motion was made because of the amount involved.

Causes of action "Six" and "Seven" relate to shipments made from Barranquilla, Columbia, to New York, on September 18, 1947 and September 10, 1947, respectively. Diversity of citizenship is present, and the amounts involved are $2,500 in number "Six" and $3,000 in number "Seven".

28 U.S.C.A. § 1441(c), effective September 1, 1948, provides:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

Reviser's Notes, page 1855, state:

"Subsection (c) has been substituted for the provision in section 71 of title 28, U.S. C., 1940 Ed., 'and when in any suit mentioned in this section, there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States.'

"This quoted language has occasioned much confusion. The courts have attempted to distinguish between separate and separable controversies, a distinction which is sound in theory but illusory in substance. (See 41 Harv.L.Rev. 1048; 35 Ill.L.Rev. 576.)

"Subsection (c) permits the removal of a separate cause of action but not of a separable controversy unless it constitutes a separate and independent claim or cause of action within the original jurisdiction of United States District Courts. In this respect it will somewhat decrease the volume of Federal litigation.

"Rules 18, 20, and 23 of the Federal Rules of Civil Procedure permit the most liberal joinder of parties, claims, and remedies in civil actions. Therefore there will be no procedural difficulty occasioned by the removal of the entire action. Conversely, if the court so desires, it may remand to the State court all nonremovable matters."

As the case stands now, causes of action "One", "Two", "Seven", "Eight" and "Nine" would be tried in this court and the remaining causes of action in the State court.

If those plaintiffs who could had proceeded by libel in admiralty, they would have lost the advantages which a civil action affords for oral examination before trial under Federal Rules of Civil Procedure, rule 26 et seq., 28 U.S.C.A., so far as applicable, and in either case, there would, by severance, be a duplication of preparation, trial and consequent attendance of witnesses which the amended procedure avoids if all causes of action are retained by this court.

The Congress having made this possible, in the discretion of the court, by this very substantial change in the statute, upon reconsideration, the court has determined that more is to be gained in the expeditious and less expensive administration of justice, and no legal rights will be violated if the original motion were denied in toto, and so it will be.

Settle order on notice unless consented to as to form.