Harold Harris et al., Plaintiffs, *v.* Vingeorge Fashions, Inc., Defendant.

City Court of the City of New York, Special Term, Bronx County, April 21, 1949.

*Samuel E. Harwitz* for defendant.

*I. Ben Greenman* for plaintiffs.

Boneparth, J.  Three plaintiffs are joined in one complaint. Each sues, in a separate cause of action, upon a contract of employment.  All allege employment on the same day and discharge on the same day.  Each was employed in a different capacity.  It does not appear whether the contracts were in writing or not.  Furthermore, it is apparent that the contracts are separate contracts.

Defendant contends that there is a misjoinder of plaintiffs.

Plaintiffs seek to sustain the complaint under section 209 of the Civil Practice Act, which provides in part, that " All persons may be joined in one action as plaintiffs, in whom any right to relief in respect of or arising out of the same transaction or series of transactions is alleged to exist * * * where if such persons brought separate actions any common question of law or fact would arise * * * ".

Plaintiffs urge that the joinder may be sustained because each plaintiff was engaged on the same day (all under similar contracts) and discharged on the same day. But this does meet the requirements of section 209 of the Civil Practice Act.

The basis for joinder, under section 209 of the Civil Practice Act is stated in *Kelso* v. *Cavanagh* (137 Misc. 653 at p. 655): " * * * two conditions must concur: (1) The causes of action must arise out of the same transaction or series of transactions, and (2) they must present some common question of law or fact." (See, also, *Akely* v. *Kinnicutt*, 238 N. Y. 466, 471.)

In *Kelso* v. *Cavanagh* (*supra*), three plaintiffs joined in one action. One plaintiff sued for the per capita tax due from the defendant organization; plaintiff No. 2 sued for salary due as business agent up to February 1930; plaintiff No. 3 sued for salary due as secretary up to February 1930.

The court held that these causes of action did not arise from the same transaction or series of transactions and said at p. 656. " * * * But here, at least so far as the defendant Cavanagh is concerned, evidence that might be relevant upon any one cause of action would not be relevant to any other. There are here three plaintiffs suing upon three contracts having no connection with one another; three causes of action without legal affinity, * * * "

Do the three causes of action in the instant complaint arise out of the same transaction or series of transactions?

The mere circumstance that each plaintiff was hired and discharged on the same day as the others, is insufficient to bring the causes within the section, permitting joinder.

In *Moore* v. *New York Cotton Exchange* (270 U. S. 593), the court said at p. 610: " * * * ' Transaction ' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. * * * " (See also, 63 C. J. 772.)

And in *Kelso* v. *Cavanagh* (*supra*), the court indicated one of the standards for determining whether a joinder of several causes of action is permitted. At page 656, the court said:

" \*   \*   \*   It is true that the courts have accorded a liberal construction to section 209 of the Civil Practice Act in order to give full effect to its remedial provisions   \*   \*   \*, but this has been in cases where the same evidence would have tended to establish, at least in part, the liability of the defendant to all the plaintiffs. \*   \*   \*   The aim of the statute — to dispense with duplication of proof — is not frustrated by failing to apply it to causes of action which present no unifying element."

In the instant case, there can be no claim that the same evidence will establish the liability of the defendant to all the plaintiffs. The causes of actions have no " legal affinity " or " logical relationship ". They do not arise out of the same transaction or series of transactions.

Plaintiff relies upon *Chiba* v. *Kurutz* (263 App. Div. 33). An analysis of that case does not support the position of the plaintiffs in the instant case. In the *Chiba* case (*supra*), each of the five plaintiffs sued to recover an alleged " kick-back " of part of his weekly wages, and insurance premiums deducted. The defendants, in urging that the causes of action were improperly joined, contended " \*   \*   \*   that plaintiffs by joining together in one action will be permitted to overcome the effect of the general rule prohibiting evidence of similar acts because on the trial of the action the claim of each plaintiff will be bolstered by the evidence of the other claimants   \*   \*   \* " (p. 34). The court did not dismiss this argument as untenable, but answered it as follows at pages 34, 35: " While the duress charged by each plaintiff constitutes a wrong which must be considered separately, the actions complained of are transactions of a similar character by the same parties and purport to be part of a general scheme. The rule is that   \*   \*   \*   where it is alleged that a party has acquired the property of another through some fraudulent device, the charge may be supported by proof of contemporaneous acts of the same character.   \*   \*   \* "

It is to be noted that here, as in *Kelso* v. *Cavanagh* (*supra*), the court concludes that the question whether the evidence in one cause of action is admissible or relevant in the other causes of action is a determining factor on the question of joinder.

In the instant case, there is no basis or reason shown, which would permit any one plaintiff, to have introduced and considered in his case, evidence as to the separate contract and apparently separate discharge of each of the other two plaintiffs.

Accordingly, the motion is granted to the extent of requiring each plaintiff to serve a separate amended complaint stating his or her individual cause of action and severing the actions. Order signed.