## REYNOLDS et al. v. BRYANT et al.

United States District Court
S. D. New York.
·Oct. 7, 1952.

O'Connor, Foley & Grainger, New York City (Joseph K. Grainger, New York City, of counsel), for plaintiffs.

·Crowell & Rouse, New York City (E. C. Rouse, New York City, of counsel), for defendant.

WEINFELD, District Judge.

Plaintiffs move to remand this action to the New York State court from which it was removed on the petition of the defendant.

Plaintiffs were three employees of the defendant, who was engaged in the ship brokerage and chartering business. Plaintiffs Daniels and McGrath are residents and citizens of New York; plaintiff Reynolds is a citizen and resident of New Jersey. Defendant is also a citizen and resident of New Jersey. The complaint contains three separate and distinct causes of action, one on behalf of each plaintiff. Each alleges a separate agreement with the defendant whereby the latter employed him as a broker for the chartering of vessels in the interests of defendant's business, and agreed to pay for the services rendered a salary and, in addition, a stipulated percentage of any brokerage commissions earned by the

defendant on charters fixed by plaintiff. Daniels and Reynolds each alleges that his contract was made on January 5th, 1951, from which day until March 13th, 1952, he performed the required services; McGrath pleads that his contract was entered into on January 11th, 1951, and that he performed his services until March 17th, 1952. Each plaintiff seeks a separate judgment for the amount of his earned commission, which varies in each instance.

Clearly, an action solely between Reynolds and defendant, both residents of New Jersey, would be non-removable since they are citizens of the same state. Just as clearly, the claims of Daniels and McGrath, if brought alone, would be removable because of diversity of citizenship between all the parties plaintiff and the defendant and the existence of the requisite jurisdictional amount.[1] Hence, the right of removal is governed by Section 1441(c) of Title 28 U.S.C., which provides:

> "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

■■ Preliminarily, I consider the plaintiffs' contention that the defendant is bound by the allegations of his petition, and that since more than twenty days have elapsed following the service of the summons upon him in the State court action[2] he may not now amend it to set forth a ground other than the one originally asserted. The basis

of their contention is that the petition is defective in reciting, "Three separable causes of action are pleaded in the complaint * * *", when it should have alleged, in the language of Section 1441(c), the existence of a "separate and independent claim or cause of action."[3] It is true that since the passage of Section 1441(c), which superseded 28 U.S.C. § 71, a separable controversy is no longer removable unless it constitutes a "separate and independent claim".[4] Thus, the fundamental question is whether the diversity claims or causes of action are separate from that of the non-diversity claim. The determination of this issue is controlled by the complaint, which is attached to and made part of the petition.[5] The failure to include a specific allegation in the petition that the basis of removal is the existence of "separate and independent" causes of action—an allegation certainly desirable as a matter of good pleading—is not necessarily fatal and may be deemed a mere irregularity. Finally, the Court's jurisdiction is at issue and such a question may not be resolved on the basis of conclusory allegations in the petition. These are no more controlling than they would be if a petition were to allege the existence of a "separate and independent claim" when, in fact, the complaint indicates otherwise.

We next consider the basic question whether the diversity segment of the case, the claims of Daniels and McGrath, both citizens of New York, are, in fact, "separate and independent" from the claim asserted by Reynolds, the New Jersey citizen. If they are, then the defendant is entitled to have the whole cause removed unless the Court, in its discretion, remands to the State court the non-removable claim.

1. 28 U.S.C. § 1441(a, b).

2. 28 U.S.C. § 1446(b). See Dutton v. Moody, D.C., 104 F.Supp. 838.

3. Plaintiffs also assert that the motion to remand must be granted because defendant's petition is defective in alleging diversity of citizenship. Obviously, there is not complete diversity between the parties plaintiff and defendant, at least one of the plaintiffs being a resident of the same state as defendant. But as plaintiffs themselves recognize, defendant is trying to assert a ground for removal under Section 1441(c), which does not require complete diversity.

4. American Fire & Cas. Co. v. Finn, 341 U.S. 6, 11, 71 S.Ct. 534, 95 L.Ed. 702.

5. American Fire & Cas. Co. v. Finn, supra, footnote 4, 341 U.S. at page 14, 71 S.Ct. 540; Pullman Co. v. Jenkins, 305 U.S. 534, 538, 59 S.Ct. 347, 83 L.Ed. 334; Oldland v. Gray, 10 Cir., 179 F.2d 408; Chason Bros. v. Insurance Co. of North America, D.C., 102 F.Supp. 803.

The complaint discloses no allegations which make the three separate claims dependent upon one another. There are no allegations to the effect that the respective agreements were jointly entered into, that plaintiffs are joint parties in fact, or that the services were to be jointly rendered. Nor is there anything to indicate that the claims otherwise arose out of the same transaction [6] or interlocking series of transactions.[7] The complaint alleges three separate and entirely independent contracts, one by each plaintiff with the defendant. Two were made on the same day, although not necessarily at the same time, and the third some months later. The terminal date of the third is different from that of the other two. Neither the complaint nor the petition alleges any fact or circumstance which would warrant the conclusion that the three agreements were based upon a common understanding or that proof of the same operative facts would establish the right of each plaintiff to recover. The fact that the plaintiffs were engaged by a common employer who agreed to pay them the same rate of compensation does not destroy the separate and independent nature of their respective claims. Even if we were to assume, that which is not revealed by the complaint or petition, that there are common questions of fact or that the claims arose out of the same occurrences,[8] this would not change the separate and independent character of each plaintiff's claim.[9]

The defendant states, and plaintiffs do not deny, that if the removal is upheld it is desirable in the interests of expedition and economy that one trial be had and that the action of the New Jersey plaintiff, otherwise subject to remand, be retained. Hence, the whole case will be retained.

The motion to remand is denied.

Settle order on notice.

6. Cf. Mayflower Industries v. Thor Corp., 3 Cir., 184 F.2d 537, certiorari denied 341 U.S. 903, 71 S.Ct. 610, 95 L.Ed. 1342.

7. Cf. American Fire & Cas. Co. v. Finn, supra, footnote 4, 341 U.S. at pages 13–14, 71 S.Ct. 539–540.

8. Although the papers make no reference to it, presumably the plaintiffs joined under Section 212 of the New York Civil

Practice Act, which permit joinder where the claims involve the same transaction or series of transactions and there are common questions of law or fact. Whether the plaintiffs are, in fact, properly joined is not entirely free from doubt. See Harris v. Vingeorge Fashions, 194 Misc. 876, 88 N.Y.S.2d 208.

9. Cf. Scheideler v. Jones, D.C., 105 F. Supp. 726.