KRANIG, Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.

*January 4—February 2, 1960.*

For the appellant there was a brief and oral argument by *Frank E. Huettner* of Cadott.

For the respondent there was a brief by *Stafford, Pfiffner & Stafford* of Chippewa Falls, and oral argument by *Robert F. Pfiffner*.

BROADFOOT, J. The plaintiff cites secs. 85.93 and 260.11 (1), Stats. 1955, as authorizing direct action against the defendant. He contends that the decision in *Ritterbusch v. Sexmith* (1950), 256 Wis. 507, 41 N. W. (2d) 611, was based upon an opinion that to permit direct action against an insurance company in an automobile accident case where the policy of insurance was written in another state recognizing the validity of a no-action clause would violate the due-process clause of the federal constitution. He then points to the case of *Watson v. Employers Liability Assur. Corp.*, 348 U. S. 66, 75 Sup. Ct. 166, 99 L. Ed. 74, in which it was held that a statute of the state of Louisiana permitting direct action against an insurance company even though the policy contained a no-action clause did not violate the federal constitution. Plaintiff argues that the *Watson Case* in effect overruled the *Ritterbusch Case*.

The Louisiana statute, the material parts of which appear as a footnote in the printed decision in the *Watson Case,* had many provisions not contained in secs. 85.93 and 260.11 (1) of the Wisconsin statutes. Our 1959 legislature has enacted a statute that embraces many of the provisions of the Louisiana statute but it is not effective until July 1, 1960.

Our decision in the *Ritterbusch Case* was based upon a general rule for the construction of statutes involved where there is a conflict between the laws of our state and that of a sister state. In *Schultz v. Hastings,* 5 Wis. (2d) 265, 92 N. W. (2d) 846, this court expressly approved the decision in the *Ritterbusch Case* with the exception of one sentence, which was withdrawn. That decision was in 1958 and about four years after the decision in the *Watson Case* by

the United States supreme court. At the time of the commencement of this action the *Ritterbusch Case* was still the law of this state.

There have been some cases where the insurance company waived or was estopped from setting up its no-action clause by filing an SR-21, a power of attorney, or some other document within this state. The defendant in this case did nothing to waive its rights under the no-action clause, and the trial court correctly determined the issue.

*By the Court.*—Judgment affirmed.