Patricia Ann ORN, a minor, by her Guardian ad Litem, Robert M. Curley, Betty Orn, Emil Orn, and Rudolph Harms, Plaintiffs,

v.

UNIVERSAL AUTOMOBILE ASSOCIATION OF INDIANA, a foreign corporation, and Glenn Norman Hire, Defendants.

No. 59-C-262.

United States District Court
E. D. Wisconsin.

Oct. 18, 1961.

Ray T. McCann and Leonard L. Loeb, Milwaukee, Wis., for plaintiffs.

Suel O. Arnold and James T. Murray, Milwaukee, Wis., for defendants.

GRUBB, District Judge.

This is an action for personal injuries and property damage arising out of an automobile accident which occurred on or about July 27, 1958, in Outagamie County, Wisconsin. Plaintiffs are citizens of Illinois. Defendant, Glenn Norman Hire, is a citizen of Indiana. Defendant, Universal Automobile Association of Indiana, is a corporation organized and existing pursuant to the laws of a state other than Wisconsin, and its last known place of business is in Indianapolis, Indiana.

This action was commenced in the Circuit Court of Milwaukee County and removed by the defendants to this court on the ground of diversity of citizenship. On June 17, 1960, plaintiffs filed a motion to remand the action to the Circuit Court of Milwaukee County on the following grounds:

"1) That the action was removed improvidently, and without jurisdiction;

"2) That all the plaintiffs and all the defendants reside outside of the State of Wisconsin;

"3) For other reasons apparent from the face of the record."

There was also a motion filed on June 23, 1960, by the defendant, Universal Automobile Association of Indiana, to dismiss the complaint against it on the ground that the policy of insurance issued to the defendant, Glenn Norman Hire, contains a "no action" clause. The policy is an "operator's policy" and applies as excess insurance only.

Considering the motion to dismiss the complaint against the Universal Automobile Association of Indiana, it is undisputed that the policy was issued and delivered to Glenn Norman Hire in the State of Indiana where such "no action" clauses are valid. It is alleged by the plaintiffs, however, that such clauses are of no force and effect in Wisconsin by virtue of an amendment to Section 260.11, Wis. Stats., enacted in 1959, which provides that such "no action" clauses are ineffective to prevent direct action against the insurer whether the policy of insurance sued upon was issued or delivered in the State of Wisconsin or not, provided the accident or injury occurred in the State of Wisconsin.

In Watson v. Employers Liability Assurance Corporation, Ltd., 1954, 348 U. S. 66, 75 S.Ct. 166, 99 L.Ed. 74, the United States Supreme Court upheld the constitutionality of a Louisiana statute very similar to the one passed by the Wisconsin legislature in 1959. The insurer in that case claimed that the application of the statute would violate the fourteenth and tenth amendments to the United States Constitution. The court found no merit to these contentions, but the significant portion of the decision as it affects the instant action is the following statement at page 70 of 348 U.S., at page 169 of 75 S.Ct.:

"* * * And since the direct action provisions became effective before this insurance contract was made, there is a similar lack of substantiality in the suggestion that Louisiana has violated Art. I, § 10, of the United States Constitution which forbids states to impair the obligation of contracts. * * *" (Emphasis added.)

Since the policy involved in this action was issued on October 3, 1957, prior to the amendment in 1959 of Section 260.11, Wis.Stats., the Watson case is not controlling. Section 260.11 as it existed from 1931 until the 1959 amendment provided for joinder of the automobile liability insurer as a party defendant, and it was held that the statute rendered ineffective the "no action" clause of the policy. Lang v. Baumann, 1933, 213 Wis. 258, 251 N.W. 461.

In Ritterbusch v. Sexmith, 1950, 256 Wis. 507, 41 N.W.2d 611, 16 A.L.R.2d 873, the court held that the statute could not apply to a policy made in a state which gives effect to such clauses because to do so would impair a valuable contractual right of the insurer in violation of Section 10, Article I, of the United States Constitution. In addition, under the rules of conflict of laws, the law of the state where the contract is made determines the obligations of the contract. Whatever effect the Watson case may have had upon the constitutional ground stated in the Ritterbusch case, it is clear that the Ritterbusch case was still the law of this state at the time the policy herein was issued. Kranig v. State Farm Mutual Automobile Insurance Company, 1960, 9 Wis.2d 214, 101 N.W.2d 117.

Moreover, since the United States Supreme Court did not pass upon the constitutionality of a retroactive application of the statute to insurers whose policies were issued prior to its enactment, it is necessary to again look to Wisconsin law on this point.

In Pawlowski v. Eskofski, 1932, 209 Wis. 189, 244 N.W. 611, the court held that Section 260.11, as enacted in 1931, could not nullify the effect of the "no action" clause of a policy issued prior to the effective date of the statute because to do so would impair contractual rights of the insurer in violation of the United States Constitution. That case controls the decision in the instant action where the policy was issued in a state where "no action" clauses are given effect and the effective date of the policy antedates the effective date of the 1959 amendment.

The motion of the defendant, Universal Automobile Association of Indiana, is granted, and the complaint against it is dismissed.

Considering now the motion by plaintiffs to remand the action to the state court, plaintiffs claim that this court does not have original jurisdiction of this action since none of the parties to the action is a resident of Wisconsin, and Section 1391(a) of Title 28 U.S.C.A. provides:

"A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

This section is erroneously relied on by plaintiffs to support their position that this court does not have jurisdiction. This section refers to venue, not jurisdiction, in actions originally brought in a federal district court based upon diversity of citizenship. It has no application to actions removed to a federal district court. The proper venue in removed actions is provided in Section 1441 (a) of Title 28 U.S.C.A. which reads as follows:

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Under this section, removal to this court was proper.

In 1 Moore's Federal Practice, § 0.140 (7), page 1338, it is stated:

" * * * While removal jurisdiction is keyed generally (although not completely) to original jurisdiction, the venue of a removed action is not keyed to original venue. In

fact the venues may be quite different. The venue of a removed action is linked territorially to the state action, since the state suit is to be removed to the district court of the United States for the district and division embracing the place where the state action is pending. And the venue provisions governing the institution of an original action in the federal district court have no application to removed suits.[6]

 Therefore, an action properly begun in a state court in a state in which neither the plaintiffs nor the defendants reside may be removed to the federal court of the district of the state in which the action is pending. Endicott v. Phillips Petroleum Co., 10 Cir., 1949, 172 F.2d 372, 374.

 Plaintiffs also contend that the action must be remanded because the damages claimed by two of the plaintiffs are less than the jurisdictional amount. It is well settled that several plaintiffs, each having separate claims of less than the jurisdictional amount, cannot aggregate their claims to make up the jurisdictional amount. Pinel v. Pinel, 1916, 240 U.S. 594, 36 S.Ct. 416, 60 L. Ed. 817; McCracken v. Brown & Root, Inc., D.C.W.D.Ark.1951, 101 F.Supp. 180. A different problem exists, however, where some of the plaintiffs' claims exceed the jurisdictional amount and some do not. In such cases, Section 1441(c) of Title 28 U.S.C.A. is applicable, which section reads as follows:

> "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction. * * *"

"6. Polizzi v. Cowles Magazines (1953) 345 U S 663, 665, 73 S Ct 900, 97 L ed 1331; Buffington v. Vulcan Furniture

 In this action all the plaintiffs have asserted separate claims for damages arising out of the same automobile accident. The fact that there will be questions of law and fact common to all these claims and that they arise out of the same occurrence do not change the separate and independent nature of each plaintiff's claim. Scheideler v. Jones, D. C.S.D.N.Y.1952, 105 F.Supp. 726; Reynolds v. Bryant, D.C.S.D.N.Y.1952, 107 F. Supp. 704.

Although the claims of Emil Orn and Rudolph Harms would not be removable if sued upon alone, the court may in its discretion determine all the claims in one action. Certainly nothing is to be gained by remanding these two claims to the state court, thereby causing a duplication of preparation and trial. McFadden v. Grace Line, Inc., D.C.S.D.N.Y. 1948, 82 F.Supp. 494.

Plaintiffs' motion to remand is hereby denied.

Mfg. Corp. (WD Ark 1950) 94 F Supp 13."