Betty S. HERRMANN and Bertram Geller, as Executors of the Estate of Frederick Herrmann, deceased

and

Dorothy Dinwiddie, as independent Executrix of the Estate of J. Howard Dinwiddie, deceased, individually, as parent, natural guardian and best friend of James H. Dinwiddie, an infant, Forrest Dinwiddie and Jay H. Dinwiddie, and for the use of Maude Dinwiddie Burk, Plaintiffs,

v.

BRANIFF AIRWAYS, INC., Defendant.

No. 69 Civ. 2320.

United States District Court,
S. D. New York.

Nov. 6, 1969.

Kreindler & Kreindler, New York City, for plaintiffs; Stanley J. Levy, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendant; Maurice L. Noyer, James J. Sentner, Jr., New York City, of counsel.

## OPINION

LASKER, District Judge.

Plaintiffs move under the provisions of 28 U.S.C.A. § 1447(c) to remand this action to the New York State Supreme Court. The suit arises out of the crash of a Braniff Airways aircraft in the vicinity of Dawson, Texas, on May 3, 1968.

Frederick Herrmann, a New York citizen, and J. Howard Dinwiddie, a citizen of Texas, were fare-paying passengers on the Braniff airplane and died in the crash. Plaintiffs Betty S. Herrmann and Bertram Geller, executors of the estate of Frederick Herrmann, are both New York citizens. Plaintiff Dorothy Dinwiddie, independent executrix of the estate of J. Howard Dinwiddie, is a citizen of Texas. Defendant Braniff Airways, Inc. ("Braniff") is a Nevada corporation with its principal place of business in the State of Texas.

Prior hereto, Braniff has moved in the state court to dismiss the causes of action of the Texas plaintiff Dinwiddie on the ground of *forum non conveniens*. That motion was denied, and immediately after denial the defendant filed a timely petition removing the entire action to this court, pursuant to 28 U.S.C. A. § 1441(c). Plaintiffs now seek remand.

The complaint contains eight causes of action, the first four on behalf of plaintiffs Herrmann and Geller seeking damages for the alleged wrongful death and pain and suffering of Frederick Herrmann; the remaining four on behalf of plaintiff Dinwiddie seeking damages for the alleged wrongful death and pain and suffering of J. Howard Dinwiddie. Plaintiffs assert that the deaths of their respective decedents were caused by de-

fendant Braniff's negligent operation and control of the aircraft and its breach of warranties. The New York and Texas plaintiffs demand separate judgments for the amount of their respective damages.

Plaintiffs contend that the action was improvidently removed to this court in that (1) the requisite diversity of citizenship under 28 U.S.C.A. § 1332(a) is lacking, and (2) the action constitutes a single, indivisible controversy in which the claims of the New York plaintiffs are not "separate and independent" from those of the Texas plaintiff as required by § 1441(c).

■ As to the diversity question, § 1332(a) of course requires that all parties plaintiff be of different citizenship from all parties defendant if the federal court is to be vested with original diversity jurisdiction. See, e. g., Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806). In the instant case, the requisite complete diversity between the parties plaintiff and defendant does not exist, since at least one of the plaintiffs —Dinwiddie—is a citizen of the same state as defendant Braniff. However, the plaintiffs misread the defendant's position. Defendant does not claim that the court has original jurisdiction under § 1332(a), but argues, rather, that the court has "removal" jurisdiction under § 1441(c). That complete diversity is not required to vest jurisdiction under § 1441(c) was made clear by Judge Weinfeld in Reynolds v. Bryant, 107 F.Supp. 704, footnote 3, p. 705 (S.D.N.Y.1952), when he stated:

> "Plaintiffs also assert that the motion to remand must be granted because defendant's petition is defective in alleging diversity of citizenship. Obviously, there is not complete diversity between the parties plaintiff and defendant, at least one of the plaintiffs being a resident of the same state as defendant. But as plaintiffs themselves recognize, defendant is trying to assert a ground for removal under Section 1441(c), which does not require complete diversity."

Not only is removal jurisdiction under § 1441(c) not coterminous with original jurisdiction, but, as Professor Moore has pointed out,

> " * * * removal jurisdiction is broader than original jurisdiction, since subsection (c) provides that whenever a separate and independent claim, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims the entire case may be removed. In other words, removability of the entire case is not keyed to original jurisdiction; but removability of the separate claim is, and, if that claim is removable, the entire case is removed into the federal district court * * *" 1A Moore's Federal Practice (2d Ed.), ¶0.157(5), p. 254.

We come, then, to the determination of whether the case at bar is removable under § 1441(c), which provides:

> "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

Obviously, were this an action solely between plaintiff Dinwiddie and defendant, both citizens of Texas, it would be nonremovable since both parties are citizens of the same state. It is equally true that if the claims of the New York plaintiffs Herrmann and Geller were brought alone, they would be removable on the basis of diversity between all the parties plaintiff and defendant and the existence of the requisite jurisdictional amount.

■ Thus, the issue is whether the diversity claims (of Texas plaintiff Dinwiddie) are "separate and independent" from the non-diversity claims (of New York plaintiffs Herrmann and Geller) within the meaning of § 1441(c). If the

two sets of claims are "separate and independent," then the entire case is removable unless the court exercises its discretion to remand the nonremovable claim to the state court.

■ Prior to the passage in 1948 of § 1441(c), which superseded 28 U.S.C. § 71, the presence of a "separable controversy" constituted an adequate ground for removal of a suit. However, a separable controversy is no longer removable unless it also constitutes a separate and independent claim or cause of action. American Fire & Cas. Co. v. Finn, 341 U.S. 6, 11, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In *Finn*, the Supreme Court's leading construction of § 1441(c) to date, the Court emphasized that one of Congress' motivating purposes in adopting the "separate and independent" test for removability was to "abridge the right of removal" from state courts. *Id.* at 10, 71 S.Ct. 534. The Court stated:

"Of course, 'separate cause of action' restricts removal more than 'separable controversy.' *In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies.* The addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal." *Id.* at 12, 71 S.Ct. at 539.

This language, however, must be viewed in its factual context. In the *Finn* case, a Texas citizen sued in state court to recover for nonpayment of insurance on her house, which had been destroyed by fire. She joined as defendants a local insurance agent and two foreign insurance companies, alleging in the alternative that either the agent was liable for failure to keep the property insured or the companies were wrongfully refusing to pay. The Court found that removal had been improper, concluding that "where there is a single wrong to plaintiff, for which relief is sought, arising

from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Id.* at 14, 71 S.Ct. at 540.

At least one commentator has described the effect of this holding as follows:

"Few, if any, diversity cases can properly be removed under this statute in the light of the construction placed on it in the *Finn* case * * *

* * * * * *

"It is not surprising that few cases meet the *Finn* test. Under the most liberal state joinder rules, parties are not properly joined unless there is some question of law or fact common to all of them, and some claim asserted for or against all arising out of a single transaction or occurrence or series of transactions or occurrences. The relation which the joinder of parties rules require is just the kind of relation which, according to the *Finn* case, bars resort to § 1441(c)." Wright, Federal Courts, 117–118 (1963). Accord, 1 Barron & Holtzoff, § 105, p. 494 (1960).

Nevertheless, nowhere in *Finn* did the Court rule out the removal of any and every diversity case. Nor does anything contained in the legislative history of the 1948 revision or the Reviser's Note to 28 U.S.C. § 1441(c) evidence any such congressional intention. Furthermore, a number of courts have declined to accept Wright's severely restrictive view of removal in that there have been numerous diversity cases since the *Finn* decision in which removal has been permitted. See 1 Barron & Holtzoff, supra, at n. 73.13; 1A Moore's Federal Practice (2d Ed.) ¶0.163(4.–5), n. 27. See, e. g., Griebel v. J. I. Case Credit Corp., 285 F.Supp. 621 (D.Minn.1968), a case in which it was held that, notwithstanding the existence of multiple defendants, removal was proper under § 1441(c).

■ It may be that at first glance the facts of the instant case seem to fall within the restrictive language of the *Finn* opinion. Such a determination is,

of course, controlled by the plaintiff's pleading. American Fire & Cas. Co. v. Finn, supra, 341 U.S. at 14, 71 S.Ct. 534; Pullman Co. v. Jenkins, 305 U.S. 534, 538, 59 S.Ct. 347, 83 L.Ed. 334 (1939). From the complaint it appears that the deaths of both Herrmann and Dinwiddie were simultaneously caused by a single occurrence and that both claims are identical in their facts. Thus, literally applying the language of *Finn* to the case at bar, " * * * the damage comes from a single incident," (341 U.S. at 16, 71 S.Ct. at 541) and the allegations in both the diversity and non-diversity segments of the case "involve substantially the same facts and transactions." *Id.* Indeed, proof of the same basic operative facts would most likely establish the right of both plaintiffs to recover. Cf. Mayflower Industries v. Thor Corp., 184 F.2d 537, 539 (3d Cir.1950), cert. denied 341 U.S. 903, 71 S.Ct. 610, 95 L.Ed. 1342 (1951).

However, the literal application of *Finn's* language to the skeletal facts of the instant case outlined above is not appropriate because *Finn* and almost all reported diversity cases involve a single plaintiff who has made related claims against *multiple defendants* in a single case, whereas here we are concerned with *multiple plaintiffs* who have joined their individual claims in a single suit against a single defendant.

One noted authority has made the persuasive argument that, in a case involving multiple plaintiffs suing on their individual claims, each plaintiff's right to recovery constitutes a separate claim or cause of action within the meaning of § 1441(c). Professor Moore states:

"Where, because of a common question of law or fact, several plaintiffs join in one action to sue a defendant on their various individual claims, these claims are separate and independent within the meaning of § 1441(c)." 1A Moore's Federal Practice (2d Ed.), ¶0.163(b), p. 657.

And again, at ¶ 0.163(4.–5), p. 710, he writes:

" * * * where two or more plaintiffs join in one action to sue one or more defendants, separate and independent claims may or may not be present. If the plaintiffs, for example, are suing to enforce a right held jointly by them, they are not asserting separate claims. If, on the other hand, the plaintiffs, having joined in the action because of a common question of law or fact, are proceeding to enforce rights that are individual to them, then the action involves separate and independent claims for removal purposes."

It is true that Moore's position has not gone undisputed. For example, in 1 Barron & Holtzoff, supra, at 494–495, the authors state:

"The *Finn* case held that there is but a single cause of action where a single plaintiff makes alternative claims against a number of defendants arising from an interlocked series of transactions, since there is but a single wrong to the plaintiff. Similarly it should be held that where a number of plaintiffs join their claims against a single defendant, arising from a common wrong which he has committed, removal is not permissible." Accord, Note, 52 Colum.L.Rev. 101, 106–107 (1952).

In light of this direct conflict between respected authorities, and in the absence of any definitive determination by the Supreme Court of the narrow question at issue here, we believe it appropriate to follow the policy enunciated in the prior persuasive rulings of the courts of this district. Those decisions have adhered to the position advanced by Moore that the mere existence of common questions of law and fact arising out of the same occurrences does not, *with respect to multiple plaintiffs*, render their claims either joint or dependent. An excellent example of this view is found in Scheideler v. Jones, 105 F.Supp. 726 (S. D.N.Y.1952). There, multiple plaintiffs sought to recover damages for defamatory statements made by a single defendant. Allegedly, each statement was de-

famatory of each plaintiff. The action was originally brought in New York Supreme Court by nine plaintiffs, five from New York, one from New Jersey, and three from Connecticut, where the defendant also resided. Defendant removed the action pursuant to § 1441(c), and plaintiffs demanded remand on the ground that the claims of the New York and New Jersey plaintiffs were not "separate and independent" from those of the Connecticut plaintiffs. Judge McGohey denied the motion to remand, stating:

> "As Judge Learned Hand has said: 'a reputation, like a face, is the symbol of its possessor and creator'. Thus a claim of one plaintiff for damages to his reputation is so peculiarly personal as to be clearly 'separate and independent' from the similar claims of each of the other plaintiffs. The suit, therefore, was properly removed to this Court under § 1441(c) * * *.

> "The circumstances that there will be questions of law and fact common to all these claims and that they arise out of the same occurrences do not change the separate and independent nature of each plaintiff's claims. Neither does the fact that they have elected to join their claims in one action." *Id.* at 727.

See also Orn v. Universal Automobile Assn. of Indiana, 198 F.Supp. 377 (E.D. Wis.1961), holding that where multiple plaintiffs asserted separate claims for damages arising out of the same automobile accident, and the claims of some of the plaintiffs exceeded the jurisdictional amount and claims of others did not, the entire action was removable under § 1441(c). But see Fugard v. Thierry, 265 F.Supp. 743 (N.D.Ill.1967).

Surely a claim for the loss of a man's life is no less "peculiarly personal" than that claim for damages to his reputation referred to in Scheideler v. Jones, supra. Furthermore, the complaint contains no allegations which make the Herrmann and Dinwiddie causes of action dependent on one another. The causes of action alleged for the wrongful deaths of these two decedents cannot be considered joint causes of action. Rather, plaintiffs are seeking to enforce rights wholly individual to each of them. Each claim could have been brought separately, and the result in one would not have been binding on the other. Nor, as Judge McGohey pointed out in *Scheideler*, does the voluntary joinder of these claims alter their separate and independent character.

Even under the strictest (i. e., with regard to limiting removal) reading of the single-injury test announced in *Finn*, the Court's precise language does not exclude the removal of diversity cases involving multiple plaintiffs. It should be recalled that when the *Finn* Court was searching for an acceptable definition of "cause of action," it quoted approvingly from its earlier decision in Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069 (1927):

> "Upon principle, it is perfectly plain that the respondent suffered but one actionable wrong, and was entitled to but one recovery, whether his injury was due to one or the other of several distinct acts of alleged negligence, or to a combination of some or all of them. In either view, there would be but a single wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex." *Id.* at 321, 47 S.Ct. at 602.

■ Clearly, the complaint in the instant case asserts separate wrongful acts, namely, the wrongful invasion of each decedent's right of bodily safety. Unlike *Finn*, where the Court found a single injury, here two violations of two individual rights have occurred. Admittedly, both violations spring from a common fact, a single occurrence: the crash of defendant's airplane. Nevertheless, as the Supreme Court has stated, "A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show." Baltimore S. S.

Co. v. Phillips, supra, at 321, 47 S.Ct. at 602.

In this regard the question of damages also sheds light on the separate nature of the claims alleged. In the case of a single plaintiff and multiple defendants, such as in *Finn*, plaintiff is generally entitled to joint and several judgment against the various defendants. There being but one plaintiff, there is only one issue as to damages and the plaintiff is awarded a single judgment. On the other hand, in the present action, as in most actions involving individual claims by multiple plaintiffs, all the plaintiffs allege separate and varying claims for damages, thus requiring the presentation of different offers and quanta of proof depending on the particular plaintiff and resulting in individual judgments.

The necessity of producing separate and independent evidence as to the damages of each of the plaintiffs fortifies the analysis that the actions are "separate and independent" and lends support to the policy of allowing removal of diversity cases involving *multiple plaintiffs* under § 1441(c). See Orn v. Universal Automobile Assn. of Indiana, supra.

 In view of the foregoing, we find that the Herrmann causes of action constitute a separate and independent claim within the meaning of § 1441(c), which would have been removable if sued upon alone. These causes of action were therefore properly removed, and this court has jurisdiction of them.

 Defendants contend that if the court determines that the Herrmann action is a separate and independent claim, and therefore removable, it should also retain jurisdiction of the non-diversity Dinwiddie causes of action. Of course, the court is under no compulsion to do so, for § 1441(c) gives the district court discretion, in a situation of this kind, to "remand all matters not otherwise within its original jurisdiction."

 However, it is patently obvious that common questions of law and fact

exist in these two claims. Certainly nothing is to be gained by remanding the non-diversity causes of action to state court, thereby causing an oppressive and unnecessary duplication of preparation, discovery, trial and consequent attendance of witnesses. In fact, the plaintiffs themselves, in urging on this motion that the entire case proceed in the state court, explicitly acknowledged the benefits of a joint trial. Thus, in the interest of "the expeditious and less expensive administration of justice,' (McFadden v. Grace Line, Inc., 82 F.Supp. 494, 495 (S.D.N.Y.1948)), the entire case will be retained. See also Twentieth Century-Fox Film Corporation v. Taylor, 239 F.Supp. 913 (S.D.N.Y.1965) (Weinfeld, J.); Reynolds v. Bryant, supra; Scheideler v. Jones, supra; Orn v. Universal Automobile Assn. of Indiana, supra.

For the reasons stated the motion to remand is denied.

It is so ordered.