T.J. v Parpia (2024 NY Slip Op 02679)

T.J. v Parpia

2024 NY Slip Op 02679

Decided on May 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 14, 2024

Before: Singh, J.P., Moulton, Mendez, Rosado, Michael, JJ. 

Index No. 160808/20 Appeal No. 2300 Case No. 2023-03697 

[*1]T.J., et al., Respondents,
v
Naushad Parpia, Appellant,

Yifei He, New York, for appellant.
Incendii Law PLLC, Brooklyn (Ann S. Seifullah of counsel), for respondents.

Order, Supreme Court, New York County (Shlomo Hagler, J), entered May 22, 2023, which, to the extent appealed from, denied defendant's motion to sever plaintiffs' action, unanimously affirmed, without costs.
Plaintiffs are properly joined pursuant to CPLR 1002(a) (see Chiba v Kurutz , 263 AD 33, 34-35 [1st Dept 1941]; Akely v Kinnicutt , 238 NY 466, 472-474 [1924]). Here, plaintiffs allege very similar conduct by the same defendant that is part of a common scheme. Both plaintiffs allege that they met defendant on an online dating application, that they met him in-person only once, that he invited them back to his home, and that he had nonconsensual sex with them there. These allegations, if proven, are sufficient to constitute part of a common scheme involving the same series of transactions or occurrences.
Moreover, pursuant to CPLR 1002(a), proper joinder of plaintiffs in an action requires that the claims share common questions of law or fact. Plaintiffs bring identical causes of action: 1) violation of the Gender-Motivated Violence Act (GMVA); 2) battery; and 3) assault. The claims share common questions of fact and law. Moreover, similar questions of fact exist as to any motivation, intent, or common scheme regarding the alleged conduct. Thus, plaintiffs have sufficiently demonstrated that there are common questions of law as well as fact between the two plaintiffs' claims, and that the cases are not joined merely to show propensity. For the same reason, defendant has not shown that severance is warranted on the basis of any prejudice to defendant, as the court may instruct the jury how to weigh any evidence of similar conduct, and limit any potential for prejudice.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 14, 2024